ACCEPTED
03-16-00314-CV
12464108
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/31/2016 10:54:59 AM
JEFFREY D. KYLE
CLERK

## NO. 03-16-00314-CV

IN THE
THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

8/31/2016 10:54:59 AM

JEFFREY D. KYLE
Clerk

CLAIRE ALLEN,
*Appellant*
v.

LAWRENCE ALLEN
*Appellee*

## BRIEF OF APPELLANT
## CLAIRE ALLEN

**DAWN M. LAUBACH**
State Bar No. 24031271

**LAUBACH LAW OFFICE**
1370 Pantheon Way, Ste 110
San Antonio, Texas 78232

(210) 222-1225 (Telephone)
(210) 853-5943 (Facsimile)
laubachlegal@hotmail.com (e-mail)

**ATTORNEY FOR APPELLANT**
**CLAIRE ALLEN**

i

## Identification of Parties and Counsel

The following is a list of all parties, and the names and addresses of those parties' counsel.

## Parties

Claire Allen                           Appellant / Claire
Lawrence Allen                      Appellee / Lawrence

## Counsel

Dawn M. Laubach                Appellate and Trial Counsel
Laubach Law Office                 for Appellant
1370 Pantheon Way, Suite 110      Claire Allen
San Antonio, Texas 78232

Troy Voelker                           Appellate Counsel
500 Round Rock Avenue , Suite 2      for Appellee
Round Rock, Texas 78711             Lawrence Allen

Kevin Henderson                     Trial Counsel
213 A West 8th Street                 for Appellee
Georgetown, Texas 78626            Lawrence Allen

# TABLE OF CONTENTS

**Page**

IDENTITIES OF PARTIES AND COUNSEL ........................................................ii

TABLE OF CONTENTS..................................................................................iii

INDEX OF AUTHORITIES ...........................................................................iv

STATEMENT OF THE CASE ..........................................................................vi

ISSUE PRESENTED.......................................................................................vii

STATEMENT REGARDING ORAL ARGUMENT .............................................vii

STATEMENT OF FACTS ................................................................................2

SUMMARY OF THE ARGUMENT ..................................................................4

ARGUMENT AND AUTHORITIES..................................................................9

  I.      STANDARD OF REVIEW ......................................................................9

  II.    ISSUE NO. 1 - THE TRIAL COURT'S GRANTING OF APPELLEE'S MOTION FOR SUMMARY JUDGMENT DENIED APPELLANT THE ABILITY TO ENFORCE HER RIGHT TO SPOUSAL MAINTENANCE AND LIFE INSURANCE ........................10

  III.   ISSUE NO. 2 - THE TRIAL COURT'S GRANTING OF APPELLEE'S MOTION FOR SUMMARY JUDGMENT CHANGED THE AWARD OF SPOUSAL MAINTENANCE TO AN AWARD OF PROPERTY ......................................................14

  IV.   ISSUE NO. 3 - THE TRIAL COURT'S GRANTING OF APPELLEE'S MOTION FOR SUMMARY JUDGMENT CHANGED THE AMOUNT OF LIFE INSUANCE TO BE MAINTAINED BY APPELLEE ...............................................20

CONCLUSION AND PRAYER ......................................................................23

CERTIFICATE OF COMPLIANCE.................................................................25

CERTIFICATE OF SERVICE .......................................................................25

APPENDIX...............................................................................................26

# INDEX OF AUTHORITIES

## CASES

**Page**

*O'Carolan v. Hopper*, 414 S.W.3d 288 (2013) ........................................................9

*Bryant v. Shields, Britton & Fraser*, 930 S.W.2d 836, 841 (Tex. App Dallas 1996, writ denied) ................................................................................................9

*Bard v. Charles R. Myers Ins. Agency, Inc*., 839 S.W.2d 791 (Tex. 1992) ...........10

*Wolfram v. Wolfram*, 165 S.W.3d 755, (Tex. App. -- San Ant. 2005, no pet.) ......10

*Walnut Equip. Leasing Co., Inc. v. Wu*, 920 S.W.2d 285 (Tex.1996) ...................11

*Underwriters Nat'l Assurance Co. v. N. Carolina Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691 (1982) ...................................................................12

*Russo v. Dear*, 105 S.W.3d 43 (Tex. App. Dallas 2003) ......................................12

*Jonsson v. Rand Racing, L.L.C.*, 270 S.W.3d 320   (Tex. App. Dallas 2008, no pet.) ..............................................................................................................12

*Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644 (Tex. 1996) ..................................15

*Duruji v. Duruji*, Nos. 14-05-01185-CV, 14-05-01186-CV, 2007 WL 582282 (Tex.App.--Houston [14th Dist.] Feb. 27, 2007, no pet.) (mem. op.) .......15

*Hagen v. Hagen* 282 S.W.3d 899 (Tex. 2009) ......................................................16

*Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420 (Tex. 1997) .................................22

*Green v. Lowe's Home Ctrs., Inc.*, 199 S.W.3d 514 (Tex. App.-Houston [1st Dist.] 2006, pet. denied) ................................................................................22

## STATUTES

Uniform Enforcement of Foreign Judgment Act as adopted in the TEX. CIV. PRAC. & REM.CODE ANN. § 35.003(c) ..............................................................11

## RULES

TEX. R. App p. 39 .................................................................................................vi

TEX. R. CIV. P. 166a(i) ....................................................................................22

## STATEMENT OF THE CASE

**Nature of the Case:**   The parties were divorced in the State of Washington in October 1984.  CR. p. 9.  Pursuant to the terms of the decree, Appellant filed a Motion for Enforcement of a Foreign Judgment related to the payment of spousal maintenance and maintaining of a life insurance annuity by the Appellee for the benefit of Appellant.   CR p.7.

**Trial Court:**   425th Judicial District Court,
The Honorable Betsy Lambeth, Presiding

**Trial Court Action:**   Judge Lambeth granted Appellee's Motion for Summary Judgment.  Appellant's motion for summary judgment was denied and her motion to enforce was dismissed with prejudice.  CR p. 110.

## ISSUES PRESENTED

Issue No. 1.  Did the trial court erroneously grant Lawrence Allen's Motion for Summary Judgment, such that it denied Appellant the ability to enforce her right to spousal maintenance and a life insurance policy pursuant to the terms of the decree?

Issue No. 2.  Did the trial court erroneously grant Lawrence Allen's Motion for Summary Judgment, which effectively changed the award of spousal maintenance to an award of military retirement/marital property?

Issue No. 3.   Did the trial court erroneously grant Lawrence Allen's Motion for Summary Judgment, which effectively changed the amount of life insurance that Appellee was required to maintain under the decree?

## STATEMENT REGARDING ORAL ARGUMENT

This case presents numerous legal issues involving the interplay of the Uniform Enforcement of Foreign Judgment Act as adopted in the TEX. CIV. PRAC. & REM.CODE ANN. § 35.003(c), the application of laws on enforcement and whether the Texas laws related to the division of military retirement apply as argued by Appellee such that oral argument could assist the Court in determination of this matter.    TEX. R. App p. 39.

**NO. 03-16-00314-CV**


IN THE
THIRD COURT OF APPEALS
AUSTIN, TEXAS


CLAIRE ALLEN,
*Appellant*
v.

LAWRENCE ALLEN
*Appellee*


**BRIEF OF APPELLANT
CLAIRE ALLEN**


TO THE HONORABLE COURT OF APPEALS:

COMES NOW CLAIRE ALLEN, Appellant and respectfully presents her opening brief. For the sake of clarity, Appellant Claire Allen will be referred to as "Claire" and Appellee Lawrence Allen will be referred to as "Lawrence." The one-volume clerk's record will be cited as CR p. #. The one-volume court reporter's record from April 2, 2015 will be cited by page number as RR1 p. #. The one-volume court reporter's record from June 9th 2015 will be cited by page number as RR2 p. #. There were no exhibits in the court reporter's record.

## STATEMENT OF FACTS

Claire and Lawrence Allen were divorced in October 1984 in the State of Washington. The decree of dissolution of marriage (herein referred to a "decree") states that, "By way of child support and spousal maintenance Lawrence H. Allen shall pay through the registry of the Superior Court of Whatcom County for the benefit of Claire L. Allen on the first day of each calendar month an amount equal to his U.S. Army retirement pay (presently $1,240 per month, subject to periodic cost of living increases). Of such amount one-third of the total payment shall be deemed spousal maintenance and such payment shall continue so long as both parties survive; two-thirds of such monthly payments shall be deemed child support for the parties three minor children." CR p. 5-6. Meaning, at the time of divorce, Claire was to receive $413.33 as spousal maintenance. From the time the divorce decree was entered until December 2013, Lawrence paid the $413.33 or more each month as spousal maintenance to Claire via garnishment through the Defense Finance and Accounting Service. Due to cost of living increases in Lawrence's military retirement, the amount of spousal maintenance went up proportionately, with the max amount of spousal maintenance received by Claire reaching $979.05 in July 2013. In June 2013, Lawrence waived his military retirement and elected combat related special compensation (CRSC).

This election of benefits caused Lawrence's military retirement to be significantly reduced, however did not result in a loss of income to him. Due to this election, Lawrence reduced the amount of spousal maintenance paid to Claire from $979.05 to $18.08 a month.

In the decree, Lawrence was further ordered to "procure and continuously maintain life insurance on himself payable to Petitioner and the parties three minor children as irrevocable beneficiaries in an amount sufficient to fund an annuity equal in value to Respondent's U.S. Army Retirement Pension." CR p.6. At the time of divorce, Lawrence's pension was $1240.00 a month.

On March 24, 2014, Claire filed a Motion to Enforce Foreign Judgment in Williamson County, Texas. CR p.7. At the time of filing Lawrence resided in Williamson County, Texas and Claire lived in the State of Florida. An amended petition was filed January 28, 2015. CR p.17. A hearing has held before the Honorable Lambeth on April 2, 2015. RR1. No evidence was taken or offered at this hearing. Only argument was heard by the Court. The Court wanted additional time to read case law and directed the attorneys of record to brief the issues presented to trial court and file motions for summary judgment. RR p. 22, line 24-25. On April 17, 2015 Lawrence filed a Motion for Summary Judgment. CR p.27. On May 26, 2015 Claire filed a motion for Summary Judgment. CR p.103. The Court reconvened on June 9,

2015 to hear the motions for summary judgment. No evidence was taken or offered at this hearing. On April 6, 2016 the trial court signed an order granting Lawrence's Motion for Summary judgment, denying Claire's motion for summary judgment, that Claire take nothing and dismissed her case with prejudice. CR p.110-111.

## SUMMARY OF THE ARGUMENT

Issue No. 1.

Did the trial court erroneously grant Lawrence Allen's Motion for Summary Judgment, such that it denied Appellant the ability to enforce her right to spousal maintenance and a life insurance policy pursuant to the terms of the decree?


Claire is entitled to have the Washington decree enforced by the Texas courts as a matter of law. Claire contends that the Washington State decree clearly awards her spousal maintenance in the minimum amount of $413.33 (one third of $1240), along with periodic cost of living increases until her or Lawrence's death, which ever party's death occurred first. Argument was proffered to the trial court and undisputed that Claire's started receiving $413.33 in 1984 and increased over the years up to $979.05. In 2013, Lawrence reduced the spousal maintenance payments to about $18 a month

4

due to him selecting CRSC and waiving his military retirement. The parties' decree clearly states the spousal maintenance was one third of $1240 (plus cost of living increases). The granting of summary judgment in favor of Lawrence denied Claire the right to enforce the decree with regards to how much spousal maintenance she was awarded in the decree.

The parties' decree also clearly states the life insurance annuity was payable based upon the amount of Lawrence's military retirement in 1984 in the amount of $1240. Lawrence's motion for summary judgment confirms he did not follow the order in the decree and obtain a life insurance policy as ordered, yet the trial court dismissed Claire's action ordering she take nothing. This is reversible error and an abuse of discretion.

The court violated the Full Faith and Credit Clause and Chapter 35 of the Texas Civil Practice and Remedies Code by denying Claire's ability to enforce the parties' decree when granting Lawrence summary judgment according to the specific terms of the decree.

## Issue No. 2.

Did the trial court erroneously grant Lawrence Allen's Motion for Summary Judgment, which effectively changed the award of spousal maintenance to an award of military retirement/marital property?

Claire asserts that whether Lawrence was actually receiving military retired pay is not a dispositive issue to determine whether she was entitled to receive spousal maintenance as ordered under the decree. Regardless of the type of income Lawrence received, Claire is entitled to receive spousal maintenance in the minimum amount of $413.33 month, and an increased amount due to cost of living increases to Lawrence's military retirement, which the peak amount was $979.05 a month in 2013. Lawrence's motion for summary judgment essentially argues that Claire was given an award of Lawrence's military retirement as marital property. Lawrence's argument is that if he did not receive military retirement (or received a reduced amount than what was determined at the time of divorce) that Claire should receive no spousal maintenance (or a reduced amount) despite the terms of the decree. Lawrence's summary judgment contends that Claire was awarded a share of his military retirement if, as and when received. However, Claire was not awarded a share of military retirement as property in the decree, she was awarded spousal maintenance.

The granting of Lawrence's summary judgment constitutes an abuse of discretion and reversible error, because the trial court had no plenary power to enter any order that alters, modifies, or substantially changes a divorce decree after plenary power over the divorce decree has expired. By granting

summary judgment in favor of Lawrence and dismissing Claire's enforcement action, the trial court effectively changed the terms of the decree relating to the amount and duration of spousal maintenance. Despite the decree stating Claire should get one third of $1240 each month as spousal maintenance, the trial court granted summary judgment, would not enforce the decree and allowed for the amount of spousal maintenance to be reduced to $18, one third of $56.

## Issue No. 3.

Did the trial court erroneously grant Lawrence Allen's Motion for Summary Judgment, which effectively changed the amount of life insurance that Lawrence was required to maintain under the decree?

In 1984, Claire and her minor children were entitled to be irrevocable beneficiaries on a life insurance policy of Lawrence's life that would pay an annuity equal to the amount of Lawrence's military retirement pension, which at that time was $1240.00 per month. No evidence was taken by the trial court to determine whether Lawrence was in compliance with this provision or not. This is an issue of fact that required the taking of evidence. The argument of Lawrence's trial attorney concedes this is an ambiguous issue. RR2 p.8 line 6-12. Furthermore, Lawrence's summary judgment

motion supports that Lawrence was in violation of the court order and did not obtain the required life insurance policy. CR p..31. The trial court erred in granting Lawrence summary judgment as it was clear he was in violation of the order. The Court erred by failing to make an evidentiary finding of whether Lawrence was in compliance with the life insurance policy provision or not. Trial counsel for Lawrence argued that there was no offer of evidence and seem to take issue that Claire wanted him to produce proof the policy was in existence. RR2 p. 8 line 13-24. That is the entire point of an enforcement action, it is Claire's contention in her motion to enforce that Lawrence was not following the decree in obtaining or maintaining the life insurance as ordered.

There was also error in that Lawrence's motion asserts that he was only required to maintain a life insurance policy equal to the amount of military retirement in 2015 which would be an annuity payable in the amount of $56.00 a month. CR p.31. Had Lawrence obeyed the decree in 1984, he would have been required to take out a life insurance policy for an annuity payable in the amount of $1240 a month upon his death. The granting of Lawrence's summary judgment constitutes an abuse of discretion, because the trial court had no plenary power to enter any order that alters, modifies, or substantially changes a divorce decree after plenary power over the

divorce decree has expired. The parties decree clearly states the life insurance annuity was to be payable in the amount of Lawrence's retirement in 1984 in the amount of $1240. By granting summary judgment in favor of Lawrence and dismissing Claire's enforcement action the trial court effectively changed the terms of the decree relating the amount of the life insurance annuity.

## ARGUMENT AND AUTHORITIES

### I. STANDARD OF REVIEW

Summary Judgment: The trial court's order granting Lawrence Summary Judgment and denying Claire Summary Judgment is reviewed under the de novo standard. "The appellate court reviews the trial court's summary judgment de novo." O'Carolan v. Hopper, 414 S.W.3d 288 (2013). "On review of an order granting summary judgment, the appellate court examines the entire record in the light most favorable to the nonmovant, taking as true all evidence favoring the nonmovant if reasonable jurors could, and indulging every reasonable inference and resolving any doubts against the motion." *Id*.

Full faith and credit: The trial court's order is reviewed de novo. *See Bryant v. Shields, Britton & Fraser*, 930 S.W.2d 836, 841 (Tex. App. Dallas

1996, writ denied) (whether trial court erred by failing to afford liquidation order full faith and credit presented question of law to be reviewed de novo).

II.   ISSUE NO. 1 - THE TRIAL COURT'S GRANTING OF APPELLEE'S MOTION FOR SUMMARY JUDGMENT DENIED APPELLANT THE ABILITY TO ENFORCE HER RIGHT TO SPOUSAL MAINTENANCE AND LIFE INSURANCE

A.   Under the concept of full faith and credit, when Claire filed her motion to enforce foreign judgment, she was entitled to have the Texas Courts recognize the judgment and enforce it as written.  The Full Faith and Credit Clause of the United States Constitution, Article IV, Section 1, declares that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state.  U.S. Const. art IV, §1.  Chapter 35 of the Texas Civil Practice and Remedies Code also provides for the enforcement of foreign judgments.  Under this principle, Texas is required to enforce any valid and final judgment from another state. See *Bard v. Charles R. Myers Ins. Agency, Inc.*, 839 S.W.2d 791, 794 (Tex. 1992).

Texas case law is clear that when a valid final judgment is filed with a Texas Court, it is domesticated and as such, is entitled to be enforced.  See *Wolfram v. Wolfram*, 165 S.W.3d 755, (Tex. App. -- San Antonio 2005, no

10

pet.). "Under the Uniform Act, by filing an authenticated copy of a sister state judgment in a Texas court, the judgment holder can "domesticate" the foreign judgment. In other words, the filed foreign judgment instantly becomes a valid and enforceable Texas judgment." *Id.* Also see TEX. CIV. PRAC. & REM.CODE ANN. § 35.003(c) *Wolfram* also cites Walnut Equip. Leasing Co., Inc. v. Wu, 920 S.W.2d 285, 286 (Tex.1996) which finds that "when a judgment creditor proceeds under the [Uniform Act], the filing of the foreign judgment comprises both a plaintiff's original petition and a final judgment; . . . . No other pleading is required; nothing else needs to be introduced into evidence." *Id.*

The granting of Lawrence's summary judgment denied Claire the right to enforce the payment of spousal support and life insurance. Claire was denied the right to enforce the decree despite the decree clearly stating: the amount of spousal maintenance (one third of $1240 plus periodic cost of living increases), the term of the spousal maintenance (so long as both parties live), and what life insurance policy was required (an annuity payable to Claire upon the death of Lawrence equal to the value of his military retirement in the amount of $1240 a month). This clearly violates the Full faith and Credit clauses of the U.S. Constitution and as recognized by Texas law.

A properly proven foreign judgment or final, enforceable order must be recognized and given effect coextensive with that to which it is entitled in the rendering state. *Bard*, 839 S.W.2d at 794. The Full Faith and Credit Clause requires that a valid judgment or final order from one state be enforced in other states *regardless of the laws or public policy of the other states*. *Id* (emphasis added). (citing *Underwriters Nat'l Assurance Co. v. N. Carolina Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691, 714 (1982)). The laws of the State of Washington set the nature, amount and duration of spousal maintenance based upon the facts at the time of divorce. The trial court erred by allowing laws from the State of Texas that apply to the division of military retirement as property, to be applied in the Allen Case with regards to an award of spousal maintenance.

Furthermore, Lawrence had the burden of collaterally attacking the judgment by establishing a recognized exception to the full faith and credit requirements, *See Russo v. Dear*, 105 S.W.3d 43, 46 (Tex. App. Dallas 2003, pet. denied). The presumption of the judgment's validity can only be overcome by clear and convincing evidence. *Jonsson v. Rand Racing, L.L.C.*, 270 S.W.3d 320, 324 (Tex. App. Dallas 2008, no pet.). On March 24, 2014, Claire filed a petition with this Court pursuant to the Uniform Enforcement

12

of Foreign Judgment Act. Lawrence did not object to the filing of the parties' decree and motion for enforcement by Claire under the UCFJA. As such, the trial court should be reversed and the case remanded to require enforcement of the decree as it is written.

Lawrence had the opportunity to challenge the award of spousal maintenance or irrevocable life insurance by appeal, reconsideration or request the Washington State Court to clarify or modify the award of spousal maintenance or life insurance if he did not understand or agree to the terms. The Washington State Superior Court that granted the divorce and ordered the terms of the decree was the court with the exclusive and continuing jurisdiction over these matters. Lawrence has not taken any action to challenge the decree as written.

The parties' decree is a final judgment that is clear in giving Claire an award of spousal maintenance in the amount equal to one third of $1240 ($433.33) at the time of divorce. The decree is clear that the spousal maintenance could periodically increase due to cost of leaving increases and that Claire was entitled to these increases as spousal maintenance. The decree is clear that spousal maintenance, with increases, was to continue so long as the parties were both alive. The decree did not allow for the termination of spousal maintenance in the event Lawrence no longer received

military retirement. The decree did not allow for a reduction in spousal maintenance under any circumstances, except for the death of one of the parties.

The decree is also clear that Lawrence was required to maintain a life insurance annuity payable monthly to Claire upon the death of Lawrence in the amount of $1240.00 per month for the rest of Claire's life. The Court did not allow any evidence to be taken concerning the existence of this life insurance policy nor the amount required under this life insurance policy. By granting summary judgment in favor of Lawrence and dismissing Claire's motion to enforce, the Court committed a reversible error.

III. ISSUE NO. 2 - THE TRIAL COURT'S GRANTING OF APPELLEE'S MOTION FOR SUMMARY JUDGMENT CHANGED THE AWARD OF SPOUSAL MAINTENANCE TO AN AWARD OF PROPERTY

The issue before the trial court was not whether Claire was awarded a portion of Lawrence's military retirement as property, but rather should Claire continue to be entitled to spousal maintenance in the dollar amount and for the length of time as dictated in the decree. At the time of divorce it was ordered that Claire receive $413.33 each month, so long as both parties survived. This is the base amount of spousal maintenance. Claire was also

14

awarded periodic increases in spousal maintenance if the military retirement went up based upon cost of living increases.

"Res judicata precludes re-litigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action. *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 652 (Tex. 1996)." *Duruji v. Duruji*, Nos. 14-05-01185-CV, 14-05-01186-CV, 2007 WL 582282, at *4 (Tex.App.--Houston [14th Dist.] Feb. 27, 2007, no pet.) (mem. op.). It requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Id.* The Allen decree is a prior final judgment from the State of Washington which both Claire and Lawrence participated and are clearly identified. The parties both followed the terms of the decree for many years subsequent to the granting of the divorce.

Lawrence's attempt to direct the trial court to case law related to military retirement is irrelevant and a non-issue. The parties decree of divorce makes no award of military retirement as marital property. To infer otherwise is effectively an improper modification of the decree. Furthermore, all of terms of the parties decree (child related issues, property

15

issues and spousal maintenance) were set according to and are still controlled by the laws of the State of Washington. The petition filed by Claire was an enforcement action, not a modification or any other sort of action that would allow Texas laws to interpret or change the terms of the spousal maintenance, outside of enforcing the terms of the decree.

Claire contends that Texas case law does not apply to the interpretation of the terms of the parties decree outside of it being enforced. However, for the sake of argument, even if it were to apply, the cases cited by Lawrence are not on point, even in the slightest, in that they are related to the award of military retirement as property, not spousal maintenance. Lawrence's summary judgment brief nor his cited case law relate to the enforcement or award of spousal maintenance.

First, in *Hagen v. Hagen* 282 S.W.3d 899 (Tex. 2009), Doris and Raoul Hagen's 1976 divorce decree awarded a percentage of Raoul Hagen's military retirement pay to Doris Hagen, to be paid *if, as, and when* received (emphasis added). The language "if, as, and when" was included in the Hagen decree and is unambiguous as to what exactly Doris Hagen is entitled to, that is, a percentage of her former spouse's military retirement if and when he in fact received military retirement. If Mr. Hagen did not receive any military retirement, effectively Doris Hagen would receive

16

nothing as well. In the case before the court now, the decree states that Claire is awarded spousal maintenance in "an amount equal to [one-third] of his U.S. Army retirement pay" and does not impose any restrictions by using "if, as, and when" Lawrence receives it. Whether Lawrence actually receive military retirement after the entry of the decree of dissolution is irrelevant.

Second, the percentage of military retirement awarded to Doris Hagen was not in the form of spousal support, it was an award of marital property. In the Hagen case and many of the other cases cited by Lawrence, the former spouse was awarded a specific percentage or dollar amount of the Servicemember's military retired pay as an award of community or marital property. In the case before the Court now, Claire was awarded spousal maintenance in the parties' decree. It was not awarded to her as a form of property. To infer Claire was given an award of property instead of an award of spousal maintenance is reversible error as it improperly modifies the terms of the decree.

Finally, Lawrence's military retirement pay was merely a dollar figure that the Washington State Court used to determine the amount the spousal maintenance and child support that Lawrence should pay. Holding to the contrary, is a collateral attack on a final order. Defining "collateral attack" as "[a]n attack on a judgment in a proceeding other than a direct appeal".

17

Black's Law Dictionary, 278 (8th ed. 2004). The fact that Lawrence now receives a different type of pay is irrelevant because the intention of the court was to award the Claire spousal maintenance for as long as both parties were alive. It is clear that the words "retirement pay" was used to measure the amount of spousal maintenance and does not preclude any military pay that is not designated as retirement.

Lawrence's argument that because he waived his military retired pay in order to receive VA disability and Combat Related Special Compensation pay, thus alleging he no longer receives military retired pay at all, should have no bearing on the question as to whether Lawrence has a legal duty to pay spousal maintenance under the divorce decree. Lawrence's overt acts to change the classification of his military retired pay to circumvent the requirement for him to pay spousal maintenance should not be allowed. Spousal support, like child support, is an obligation that does not cease because the type of pay the obligor receives. The decree stated the one-third of his military retired pay is deemed spousal maintenance and two-thirds is deemed child support. If Lawrence was still obligated to pay child support in September 2013 or later after he waived his military retirement, it would be preposterous to have a finding that Lawrence's child support obligation would cease to be payable because Lawrence made an overt act to change his

military retirement pay to a form of disability pay (VA disability or Combat Related Special Compensation pay). In this case the only justification for spousal support to decrease or stop is through a modification or termination of spousal support filed by Lawrence and heard by a court of competent jurisdiction, which is the State of Washington.

It is clear that the words "retirement pay" was used to measure the amount of support by the use of the language "equal to." If the Washington Court intended for Claire to be given a portion of Lawrence's military retirement it would have awarded her a share of the military retirement as property (33% of the disposable military retired pay) or used language such as "she is awarded 1/3 of the military retirement as spousal maintenance" as well as language such as "if, as and when received" (as it is often seen it Texas divorce decrees related to military retirement). The Washington Court intended Claire to receive spousal maintenance for as long as both parties lived, which is clearly stated in the decree. The Washington Court intended Claire to receive spousal maintenance in the minimum amount of $413.33, plus cost of living increases.

By granting Lawrence's summary judgment the Court applied cases related to the award of military retirement to a former spouse and a service member's right to elect certain benefits. Lawrence should be barred from

alleging that the spousal maintenance awarded to Claire is actually an award of marital property as a way to usurp the order of spousal maintenance. The trial court effectively converted the award of spousal maintenance into an award of military retirement. This is an abuse of discretion. Lawrence argues that under Texas law, he has a right to elect VA disability or CRSC. This election is completely irrelevant to the award of spousal maintenance and is a non-issue in this case.

IV. ISSUE NO. 3 - THE TRIAL COURT'S GRANTING OF APPELLEE'S MOTION FOR SUMMARY JUDGMENT CHANGED THE AMOUNT OF LIFE INSUANCE TO BE MAINTAINED BY APPELLEE.

The trial court's granting of Lawrence's Motion for Summary Judgment, denial of Claire's Motion for Summary Judgment and dismissal of Claire's Motion to Enforce deprived her the right to be named as an irrevocable beneficiary of a life insurance annuity on the life of Lawrence, under the terms of decree. It further changed the amount of the ordered life insurance policy.

As cited in section II, Issue No.2 above, the theory of Res Judicata prevents Lawrence from changing the terms of the parties' decree. The decree states that Lawrence "shall procure and continuously maintain life insurance on himself payable to Claire and the parties three minor children as

20

*irrevocable beneficiaries* in an amount sufficient to fund an annuity equal in value to Lawrence's U.S. Army Retirement Pension" (emphasis added). It was clear in 1984 that Lawrence's military retirement pension was $1240 a month. It is clear that the decree intended that when Lawrence died, Claire and her children were to receive $1240 a month so long as Claire lived. If it was unclear to Lawrence as to what type of life insurance policy/annuity to obtain or how much of a life insurance policy was required to be taken to provide an annuity of $1240 a month to Claire for her rest of her life upon his death, Lawrence should have filed a motion to clarify with a court of competent jurisdiction, which is the Washington State Court, that granted the divorce. It is Claire's contention that at the time of divorce Lawrence was required to take out a life insurance annuity that would pay to Claire an amount equal to his full pension such that when he dies, Claire and her children would receive an amount no less than $1240 each month until she died. Despite her contentions, Claire was denied the right to testify or present evidence on the life insurance annuity. There was no evidence presented by either party about what this amount should be. The argument of Lawrence's trial attorney concedes the issue that life insurance was an ambiguous issue. RR2 p.8 line 6-12. In a traditional motion for summary judgment, Lawrence had the burden of demonstrating that there is no genuine issue of material

21

fact and that he was entitled to judgment as a matter of law. See *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

In a no-evidence motion for summary judgment the movant (Lawrence) represents that there is no evidence of one or more essential elements of the claims for which the non-movant (Claire) bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Green v. Lowe's Home Ctrs., Inc.*, 199 S.W.3d 514, 518 (Tex. App.-Houston [1st Dist.] 2006, pet. denied).   Counsel for Claire clearly stated to the Court there were issues of fact in question related to the life insurance issue. RR1 P. 20 lines 15-22. However, no evidence was taken by the Court and summary judgment was granted in favor of Lawrence regardless.

Value of Insurance – In Lawrence's motion for summary judgment he contends that the life insurance should be in place now to cover his monthly military retirement as of 2015, which would pay an amount of $56 to Claire upon the death of Lawrence.  Buying into this argument, the trial court again changed the terms of the parties decree.  This life insurance annuity was ordered to be in place in 1984, of which is alleged that Lawrence failed to do. Lawrence wants to use the value of his military retirement in 2015, after his overt acts in 2013 to reduce his military retirement, as the basis for the amount of the life insurance annuity.  This is improper.  For Lawrence to

argue the life insurance annuity should now be for an amount equal to the current monthly amount of his military retirement, after waiving his military to reduce it to nearly nothing, goes completely against the intent of the decree of dissolution and modifies it. The life insurance should have been enforced in that Lawrence should have been ordered to obtain a policy in the amount of that would result in Claire and the parties children receiving no less than $1240 per month for the rest of Clare Allen's life.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant, Claire Allen asks the Court to reverse the order granting Appellee's Motion for Summary Judgment and reinstate this lawsuit. Appellant asks the Court to find that: she was awarded spousal maintenance and not a share of military retirement as property, that the trial court has an obligation to enforce the spousal maintenance in the amount ordered in the decree, that Appellant is entitled to enforcement of the life insurance provisions based upon the military retirement received by Appellee at the time of divorce; and for all such other relief to which Appellant is entitled.

Respectfully submitted,

*/s/ Dawn M. Laubach*
DAWN M. LAUBACH

23

State Bar No. 24031271

**LAUBACH LAW OFFICE**
1370 Pantheon Way, Ste 110
San Antonio, Texas 78232
(210) 222-1225 (Telephone)
(210) 853-5943 (Facsimile)

**ATTORNEY FOR
APPELLANT,
CLAIRE ALLEN**

# CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 4932 words (excluding the caption, table of contents, table of authorities, signature, proof of service, certification, and certificate of compliance). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

*/s/ Dawn M. Laubach*
DAWN M. LAUBACH

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief of Appellant has been served electronically on the 19th day of August, 2016:

Troy Voelker
500 Round Rock Avenue , Suite 2
Round Rock, Texas 78711

VIA ELECTRONIC DELIVERY

*/s/ Dawn M. Laubach*
DAWN M. LAUBACH

# **APPENDIX**

1. Order Granting Summary Judgment dated April 6, 2016

2. Appellee's Motion for Summary Judgment dated April 17, 2015

3. Appellant's Motion for Summary Judgment dated May 26, 2015

4. Decree of Dissolution dated April 29, 1984

NO. 14-0804-F425

| | | |
|---|---|---|
| CLAIRE L. ALLEN | § | IN THE DISTRICT COURT |
| Petitioner, | § | |
| | § | |
| V. | § | 425TH JUDICIAL DISTRICT |
| | § | |
| LARRY ALLEN | § | |
| Respondent. | § | OF WILLIAMSON COUNTY, TEXAS |

FILED
at 335 o'clock P M

APR 0 6 2016

Lisa David
District Clerk, Williamson Co., TX.

## ORDER GRANTING
## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

On June 9, 2015, the Court considered the Motions for Summary Judgment filed by Petitioner and Respondent.

After due consideration of the summary judgment evidence, including the pleadings, and the argument of counsel, this Court finds that Petitioner's Motion should be **DENIED** and Respondent's Motion should be **GRANTED**.

It is therefore **ORDERED** that Petitioner take nothing by her suit against Respondent and Petitioner's suit is hereby dismissed with prejudice.

All other relief requested by either party is hereby **DENIED**. This judgment finally disposes of all parties and all claims and is appealable.

Signed on the ___6___ day of __April__, 2016.

_____
JUDGE PRESIDING

110

APPROVED AS TO FORM:

KEVIN HENDERSON
Attorney at Law
213 A West 8th Street
Georgetown, TX 78626
Tel: 512-240-5367
Fax: 512-863-9381

By: _____
Kevin Henderson
State Bar No. 09424500
kevinhenderson@justice.com
Attorney for Respondent


LAUBACH LAW OFFICE
1370 Pantheon Way, Suite 110
San Antonio, TX 78232
Tel: 210-222-1225
Fax: 210-853-5943

By: _____
Dawn M. Laubach
State Bar No. 24031271
email: laubachlaw@hotmail.com
Attorney for Claire L. Allen

## NO. <u>14-0804-F425</u>

| | | |
|---|---|---|
| CLAIRE L. ALLEN | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 425TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| LARRY ALLEN | § | WILLIAMSON COUNTY, TEXAS |

## <u>RESPONDENT'S MOTION FOR SUMMARY JUDGMENT</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Respondent, Larry Allen, and requests the Court to enter Summary Judgment in favor of Respondent on the affirmative defenses set forth herein and against Petitioner Claire L. Allen, and in support thereof, shows the Court the following:

I.

## <u>FACTS/PROCEDURAL HISTORY</u>

Petitioner and Respondent were divorced on April 25, 1984, in the State of Washington. At the time of divorce, Respondent was retired from the United States Army and was receiving military retirement benefits. At that time, Respondent was not receiving benefits under either Title 10 or Title 38 U.S.C. A true and correct copy of the Decree of Dissolution of Marriage (the "Decree") has been filed by Petitioner in this case and a true and correct copy of such document is attached hereto and incorporated herein for all purposes.

On March 24, 2014, Petitioner filed suit in this Court for the purpose of enforcing provisions of the Decree relating to the payment of spousal support. Respondent has answered and argues that Petitioner is not entitled to the relief sought.

The relevant portions of the Decree provide as follows:

Page 2, Line 18 – "By way of child support and spousal maintenance Lawrence H. Allen shall pay through the registry (sic.) of the Superior Court for Whatcom County for the benefit of Claire L.

Envelope# 4929144

Allen on the first day of each calendar month an amount equal to his **U.S. Army retirement pay** (emphasis added)...Of such amount one-third of the total payment shall be deemed spousal maintenance and such payment shall continue so long as both parties survive..."

Page 3, Line 4 - "Respondent shall fully cooperate and execute any and all documents necessary to effect direct payment or assignment of such **US Army Pension** (emphasis added) to the Registery (sic.) of the Whatcom County Superior Court for the benefit of Petitioner..."

Page 3, Line 16 – 6. Respondent shall procure and continuously maintain life insurance on himself payable to Petitioner and the parties three minor children as irrevocable beneficiaries in an amount sufficient to fund an annuity equal in value to Respondent's **U.S. Army Retirement Pension.**" (emphasis added).

There is no mention in the Decree of any other military benefit available to Respondent.

At the time of the divorce, Respondent's U.S. Army retirement pay was, according to the Decree, $1,240 per month. On or about August 9, 2011, Respondent was determined to be 100% disabled and entitled to receive disability-related compensation under Title 38 U.S.C. (VA benefits). On or about June 20, 2013, the Department of the Army found that Respondent is also entitled to Combat-Related Special Compensation ("CRSC") under Title 10 U.S.C. The statutes relevant to VA. compensation and CRSC are attached hereto. These Title 10 benefits (CRSC) should be distinguished from the Title 10 benefits referenced in *Hagan v. Hagan 282 S.W.3d 899 (Tex. 2009)*, to which this Court referred in a prior hearing. The *Hagan* court was referring to 10 U.S.C. 1201, etc., which refers to what may be termed "early retirement due to disability" and is not relevant here. The only relevant military disability statutes in this case pertain to VA and CRSC.

Both VA and CRSC benefits confer favorable tax status to disabled veterans. Such benefits are excluded from "gross income" for purposes of federal income taxation. *See: 26 USC 104(a)(4) and (b)(3)*. The amount of such payments is, however, limited by law. In order to receive VA benefits, a retiree must waive that portion of his retirement pay which is equal to the amount of VA benefits he

28

will receive. A retiree may not receive duplicate retirement and VA benefits. *See 38 USC 5304 (a)(1) and 5305.* Such waiver is expressly permitted under federal law and may not be preempted by state law. It should be pointed out that VA benefits are not property and are not, themselves, divisible at divorce. *See: 38 U.S.C. 1408(a)(4)(B); Mansel v. Mansel 490 U.S. 581 (1989).*

CRSC is a program separate and distinct from VA created for disabled military retirees with combat-related disabilities. It was created to provide monthly benefits to retired veterans to replace their VA disability offset (the amount of retirement pay waived to receive VA) and may not exceed the amount of such offset. It is <u>not</u> retirement pay. *See: 10 USC 1413(g). "Payments under this section are <u>not retired pay</u>." (emphasis added ).*

As a result of now receiving VA benefits and CRSC, Respondent's military retirement pay – his **U.S. Army retirement pay, US Army Pension or U.S. Army Retirement Pension**, has been reduced to approximately $56 per month, of which Petitioner continues to receive one-third.

II.

## ARGUMENTS & AUTHORITIES

A.      Respondent can demonstrate Respondent is entitled to summary judgment as a matter of law as set forth herein.

B.      There are no genuine issues of material fact in this case; therefore, the Court may decide this case on the summary judgment evidence included in the appendix to this motion, which evidence is incorporated herein by reference.

III.

Military Retirement/Spousal Maintenance

In order to prevail, Petitioner must show that the Decree clearly and unambiguously requires Respondent to be paying Petitioner one-third of all amounts he receives from all sources related to his military carrier. In this regard, Respondent asserts that the case of <u>Hagan v. Hagen</u> is directly controlling. *Hagan v. Hagen 282 S.W.3d 899 (Tex. 2009).* This Court, in construing the decree, must

consider it as a whole. "If the Decree is unambiguous, the Court must adhere to the literal language used." *Hagan, at 901.* It is for the Court to decide as a matter of law whether the Decree is ambiguous. It is Respondent's position that the Decree clearly, specifically and unambiguously sets out the fund from which Petitioner's lifetime alimony is to be paid and likewise clearly, specifically and unambiguously sets out the percentage to be paid to her. There can be no dispute that the Decree does not mean exactly what it says.

To paraphrase *Hagan:* "In the case before us, the Allen's original decree did not award Claire amounts "calculated on" Larry's gross, or even total, retirement pay before deductions, as the decree in *Berry* did [referring to *Berry v. Berry,* 780 S.W.2d 846 (Tex.App.-Dallas 1989), rev'd per curiam, 786 S.W.2d 672 (Tex. 1990)]. The Allen's decree plainly entitled Claire only to part of the Army or military retirement pay Larry received, if, as, and when he received it. As discussed previously, such military retirement pay did not include VA disability benefits." To hold otherwise would constitute an impermissible collateral attack on the decree. *Berry at 673, Hagan id.* As stated in *Hagan,* "the language used in divorce decrees is important and we must presume the divorce court chose it carefully..."

The opposite side of Petitioner's case was considered by the Austin Court of Appeals in *Foreman v. Foreman, No. 03-00245-CV (Tex.App.-Austin 2014).* In *Foreman,* the husband attempted to convince the trial court that "47% of the United States disposable retired or retainer pay to be paid as a result of Peter W. Foreman's service in the United States Army" did not include that portion which he earned post-divorce. Justice Pemberton, relying on *Hagan,* quickly disposed of Mr. Foreman's claims. "If the material provisions of the decree are unambiguous-i.e., there is only one reasonable construction of them-courts have no discretion but to give effect to the literal language used." *Foreman, id.* Going further, he commented "the parties' intent is governed by what they said, not by what they *intended* to say but did not." (emphasis in original). "Accordingly, the district court (Judge Naranjo) did not err or abuse its authority in denying Peter's motion to "clarify" the divorce decree-and, indeed, it had no

30

discretion to grant that relief here." Once again, a court "must adhere to the literal language of an unambiguous decree." *Sheldon v. Sheldon, No. 03-11-00803-CV (Tex.App.-Austin 2014)* (in a case from the 425th District Court).

## IV.

## Life Insurance

In addition to her claim for enforcement of spousal maintenance, Petitioner also seeks relief for Respondent's alleged failure to provide her with a copy of a life insurance policy. The relevant language from the Decree is as follows:

Page 3, Line 16 – 6. Respondent shall procure and continuously maintain life insurance on himself payable to Petitioner and the parties (sic.) three minor children as irrevocable beneficiaries in an amount sufficient to fund an annuity equal in value to Respondent's U.S. Army Retirement Pension.

Petitioner's requested relief is that the life insurance provision be enforced and a copy of the policy be provided to Petitioner.

An annuity contract is generally in the nature of a stream of payments commencing on a certain date and ending at some defined future point in time. In order to purchase an annuity contract one must know the amount of each payment sought or the amount available for investment, the beginning point and the ending point. Using that information, it is possible to contract with a third party – usually an insurance company – to obtain the annuity.

Respondent's current U.S. Army retirement pension is approximately $56 per month. Respondent stands ready to purchase an insurance policy naming Petitioner as beneficiary in an amount necessary to purchase a monthly annuity payment of $56 for the life of Petitioner.

## CONCLUSION

In a case involving facts which create sympathy for the injured party, there is frequently a desire to lessen the sting by fashioning an equitable "middle-ground". This is not always a bad thing and certainly something that should, in an appropriate case, be considered. However, where the law is clear,

duty must trump sympathy. To do otherwise does a disservice to the law.

Petitioner has enjoyed the fruits of the Decree for thirty years. Respondent has never sought to deprive Petitioner of what she was awarded in a Decree prepared by Petitioner's attorney. The law is clear. The Decree is unambiguous. Judgment should be rendered that Petitioner take nothing by her suit.

**WHEREFORE, PREMISES CONSIDERED**, Respondent prays that:

The Court set this matter for hearing, with notice to Petitioner and that upon completion of said hearing the Court grants Respondent's Motion for Summary Judgment, and that Respondent has the following:

1. Judgment against Petitioner Claire L. Allen, denying all relief sought or alternatively, should the Court find some facts to be controverted, Respondent be granted a partial summary judgment specifying those facts that appear to be without substantial controversy;

2. Pre-judgment and post-judgment interest as provided by law;

3. Costs of suit; and

4. Respondent be granted such other and further relief, special or general, at law or in equity, as may be shown that Respondent is justly entitled to receive.

Respectfully submitted,

KEVIN HENDERSON
Attorney at Law
213 A West 8th Street
Georgetown, TX 78626
Tel: 512-240-5367
Fax: 512-863-9381

By: _____
Kevin Henderson
State Bar No. 09424500
kevinhenderson@justice.com
Attorney for Respondent

## NOTICE OF HEARING

The above and foregoing Respondent's Motion for Summary Judgment is set for hearing on _June 9, 2015_ at _9:00 AM_, in the 425th Judicial District Court of Williamson County, Texas.


## CERTIFICATE OF SERVICE

I certify that on April _17_, 2015 a true and correct copy of Respondent's Motion for Summary Judgment was served by fax on Dawn M. Laubach at 210-853-5943.

Kevin Henderson

## NO. 2014-0804-F425

| | | |
|---|---|---|
| **CLAIRE L. ALLEN** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | **425th JUDICIAL DISTRICT** |
| | § | |
| **LAWRENCE ALLEN** | § | **WILLIAMSON COUNTY, TEXAS** |

### MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Petitioner Claire L. Allen ("Petitioner") files this Motion for Summary Judgment against Respondent Lawrence Allen, pursuant to Texas Rule of Civil Procedure 166a(c) ("traditional") and 166a(i) ("no-evidence"), to enforce the foreign judgment that awards Petitioner spousal maintenance.

### I.    FACTS AND PROCEDURAL HISTORY

#### A.  Parties Decree of Dissolution

On April 25, 1984, Petitioner and Respondent were divorced in the State of Washington and through the decree of dissolution Petitioner was awarded spousal maintenance.  At that time, Respondent was retired from the United States Army and was receiving military retirement benefits in the amount of $1240.00 per month.

The Decree states, "By way of child support and spousal maintenance Lawrence H. Allen shall pay through the registry of the Superior Court of Whatcom County for the Benefit of Claire L. Allen on the first day of each calendar month an amount equal to his U.S. army retirement pay.  Of such amount one-third of the total payment shall be deemed spousal maintenance and such payment shall continue so long as both parties survive; …."

The decree further states "Respondent shall procure and continuously maintain life insurance on himself payable to Petitioner and the parties three minor children as irrevocable beneficiaries in an amount sufficient to fund an annuity equal in value to Respondent's U.S. Army Retirement Pension."

In about June 2013 Respondent elected to waive a portion of his military retirement in order to receive only disability pay from the military through Combat Related Special Compensation pay and VA Disability.   Sometime after this election Respondent notified Petitioner, through the parties daughters Ginger and Jessica (see encl 1).

A true and correct copy of the Decree of Dissolution of Marriage (the "Decree") has been filed by Petitioner in this case and is incorporated herein for all purposes.

Envelope# 5417287

### B. Spousal Maintenance Paid

At the time of divorce, Respondents' military retirement pay was $1,240 a month and subject to periodic cost of living increases. At the time of divorce, Petitioner was entitled to $413.33 per month. She started receiving that amount and over time it increased as Respondent's military retirement increased. In August 2013, the Respondent received $2,937 a month in military retirement pay, of which Petitioner, received $979.05 per month as spousal maintenance. This $979.05 is the highest amount of monthly spousal maintenance received by Petitioner before Respondent elect to reduce his military retirement. Beginning in September 2013 Petitioner started receiving $51.33 a month which stopped in December 2013.

## II. ARGUMENTS AND AUTHORITIES

Petitioner can demonstrate that Petitioner is entitled to summary judgment as a matter of law as set forth herein.

There are no genuine issues of material fact in this case; therefore, the Court may decide this case on the summary judgment evidence included in the appendix to this motion, which evidence is incorporated herein by reference.

### A. Full Faith and Credit Clause

The Full Faith and Credit Clause of the United States Constitution, Article IV, Section 1, declares that full faith and credit shall be given in each states to the public acts, records and judicial proceedings of every other state. U.S. Const. art IV, §1. Chapter 35 of the Texas Civil Practice and Remedies Code also provides for the enforcement of foreign judgments . Under this principle, Texas is required to enforce any valid and final judgment from another state. See Bard v. Charles R. Myers Ins. Agency, Inc., 839 S.W.2d 791, 794 (Tex. 1992). Texas courts recognize two methods of enforcing foreign judgments: 1. Filing a judgment pursuant to the Uniform Enforcement of Foreign Judgment Act ("Uniform Act"), or 2. Filing a common law action to enforce a foreign judgment.

Texas case law is clear that when a valid final judgment is filed with a Texas Court, it is domesticated and as such is entitled to be enforced. See Wolfram v. Wolfram, 165 S.W.3d 755, (Tex. App. -- San Antonio 2005, no pet.). "Under the Uniform Act, by filing an authenticated copy of a sister state judgment in a Texas court, the judgment holder can "domesticate" the foreign judgment. In other words, the filed foreign judgment instantly becomes a valid and enforceable Texas judgment, as if it had been rendered by the filing court" *Id*. Also see TEX. CIV. PRAC. & REM.CODE ANN. § 35.003(c) Wolfram also cites *Walnut Equip. Leasing Co., Inc. v. Wu,* 920 S.W.2d 285, 286 (Tex.1996) which finds that "when a judgment creditor proceeds under the [Uniform Act], the filing of the foreign judgment comprises both a plaintiff's original petition and a final judgment; . . . . No other pleading is required; nothing else needs to be introduced into evidence. *Id"*.

On March 24, 2014, Petitioner filed a petition with this Court pursuant to the Uniform Enforcement of Foreign Judgment Act.  As such, this Honorable Court should enforce the decree as it is written.  Enforcement of the decree of dissolution is the only matter pending before the court.   The decree of dissolution is a final judgment that is clear in giving Petitioner an award of spousal maintenance so long as both of the parties survive.

## B. Res Judicata

"Res judicata precludes re-litigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action. *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 652 (Tex. 1996)."  Duruji v. Duruji, Nos. 14-05-01185-CV, 14-05-01186-CV, 2007 WL 582282, at *4 (Tex.App.--Houston [14th Dist.] Feb. 27, 2007, no pet.) (mem. op.).  It requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Id.*  The Allen divorce decree is a prior final judgment from the State of Washington which both Claire L. Allen and Lawrence Allen participated and are clearly identified.  The parties both followed the terms of the decree for many years subsequent to the granting of the divorce.  Respondent should now be barred from alleging first, that the spousal maintenance awarded to Petitioner is actually an award of marital property as way to usurp the order of spousal maintenance and second, that the life insurance provisions should be based upon current military retirement and not the retirement he was receiving in 1984 when the Court considered the matter of life insurance.  Respondent had the opportunity to challenge the award of spousal maintenance or irrevocable life insurance by appeal or reconsideration  as well as to request the Washington State Court to clarify the award of spousal maintenance or life insurance if he did not understand it's terms.  The Washington State Superior Court that granted the divorce and ordered the terms of the decree of dissolution is the court with the exclusive and continuing jurisdiction over these subject matters.  Respondent did not and has not taken such actions.  Based upon Res Judicata,  Respondent cannot now, through an enforcement matter, ask the court to effectively change the terms of the decree.

## B.  Military Retirement

Respondent's attempt to direct the court to case law related to military retirement is irrelevant and a non-issue.  The parties decree of divorce makes no award of military retirement as marital property.  Furthermore, all of terms of the parties decree (child related issues, property issues and spousal maintenance) were set according to and are still controlled by the laws of the State of Washington.  The petition before the court is an enforcement action, not a modification or any other sort or action that would allow Texas laws to interpret or change the terms of the spousal maintenance, outside of enforcing the terms of the decree.

Petitioner contends that Texas case law does not apply to the interpretation of the terms of the parties decree outside of it being enforced.  However, for the sake of argument, if it were to apply, the cases cited by Respondent are not on point whatsoever in that they are related to the award of military retirement as property.  Respondent's brief nor case law relate to the enforcement or award of spousal maintenance.

First, in <u>Hagen v. Hagen</u> 282 S.W.3d 899 (Tex. 2009), Doris and Raoul Hagen's 1976 divorce decree awarded a percentage of Raoul Hagen's military retirement pay to Doris Hagen, to be paid *if, as, and when* received (emphasis added. The language "if, as, and when" was included in the Hagen decree and is unambiguous as to what exactly Doris Hagen is entitled to, that is, a percentage of her former spouse's military retirement if and when he in fact received military retirement. If Mr. Hagen did not receive any military retirement, effectively Doris Hagen would receive nothing as well. In the case before the court now, the decree states that Petitioner is awarded spousal maintenance in "an amount equal to [one-third] of his U.S. Army retirement pay" and does not impose any restrictions by using "if, as, and when" Respondent receives it. Whether Respondent actually receive military retirement after the entry of the decree of dissolution is irrelevant.

Second, the percentage of military retirement awarded to Doris Hagen was not in the form of spousal support, it was an award of marital property. In the Hagen case and many of the other cases cited by Respondent, the former spouse was awarded a specific percentage or dollar amount of the Servicemember's military retired pay as an award of community or marital property. In the case before the Court now, Petitioner was awarded spousal maintenance in the parties' decree if dissolution, it was not awarded to her as a form of property. To infer Claire L. Allen was given an award of property is erroneous.

Finally, Respondent's military retirement pay was merely a dollar figure that the Washington State Court used to determine the amount the spousal maintenance and child support that Respondent should pay. Holding to the contrary, is a collateral attack on a final order. Defining "collateral attack" as "[a]n attack on a judgment in a proceeding other than a direct appeal". Black's Law Dictionary, 278 (8th ed. 2004). The fact that Respondent now receives a different type of pay is irrelevant because the intention of the court was to award the Petitioner spousal maintenance for as long as both parties were alive. It is clear that the words "retirement pay" was used to measure the amount of support and does not preclude any military pay that is not designated as retirement.

Respondent's argument that because he waived his military retired pay in order to receive VA disability and Combat Related Special Compensation pay, thus alleging he no longer receives military retired pay at all, should have no bearing on the question as to whether Respondent has a legal duty to pay spousal maintenance under the divorce decree. Respondent's overt acts to change the classification of his military retired pay to circumvent the requirement for him to pay spousal maintenance should not be allowed. Spousal support, like child support, is an obligation that does not cease because the type of pay the obligor receives. The decree stated the one-third of his military retired pay is deemed spousal maintenance and two-thirds is deemed child support. If Respondent was still obligated to pay child support in September 2013 or later after he waived his military retirement, it would be preposterous to have a finding that Respondent's child support obligation would cease to be payable at all because Respondent made an overt act to change his military retirement pay to a form of disability pay (VA disability or Combat Related Special Compensation pay). In this case the only justification for spousal support to change or stop is through a modification or termination of spousal support filed by Respondent and heard by a court of competent jurisdiction, which is the State of Washington.

## C. Life Insurance

The decree further states that Respondent "shall procure and continuously maintain life insurance on himself payable to Petitioner and the parties three minor children as *irrevocable beneficiaries* in an amount sufficient to fund an annuity equal in value to Respondent's U.S. Army Retirement Pension" (emphasis added). The language of the decree does not state it is for an amount equal to the monthly payment, but rather the value of the entire pension. In 1984 Respondent's monthly retirement pay was $1240.00. That is $14,880.00 per year. Respondent's life expectancy in 1984 was about age 72. Respondent was 39 years old at the time of divorce. The life insurance should have been taken out in 1984 in the amount of about $491,040.00 with Petitioner and the parties three children as irrevocable beneficiaries. It is Petitioner's contention that this life insurance cannot be modified or changed by Respondent as the trial court made this order in that the insurance be irrevocable.

If the Court agrees with Respondent's argument that the award of life insurance annuity should have been obtained to guarantee a payment Respondent's monthly military retired pay, it should be for the amount of $1270 a month (Respondent's monthly retirement at the time of divorce), with Petitioner and her children as the irrevocable beneficiaries of that monthly annuity effective in May 1984. Respondent's contention that the life insurance should be in place now to cover his monthly military retirement as of 2015, after his overt acts to reduce his military retirement is improper. This life insurance was ordered to be in place in 1984, of which Respondent failed to do. For Respondent to argue the life insurance annuity should now be for an amount equal to the current monthly amount of his military retirement, after waiving his military to reduce it to nearly nothing, goes completely against the intent of the decree of dissolution. The life insurance should be enforced in that Respondent should be ordered to obtain a policy in the amount of $491,040.00 and payable to Petitioner and the parties children upon Respondent's death or alternatively an amount equal to an annuity that would generate $1270.00 a month with Petitioner and the parties children as the irrevocable beneficiaries.

Just as the payment of spousal support, the enforcement of this provision of the parties decree of dissolution is entitled to full faith and credit, and should be enforced by this court based upon the same argument and authority cited above related to the enforcement and payment of spousal maintenance.

## III. CONCLUSION

Petitioner's motion for summary judgment should be granted as a matter of law because the divorce decree is a final judgment issued by the Superior Court of the State of Washington in and for Whatcom County. Petitioner is entitled to enforcement of this decree through this Court. Respondent's failure to pay spousal maintenance to Petitioner and obtain life insurance as ordered is a direct violation of the decree and as such is should be enforced.

Respondent's 1984 monthly military retirement pay was merely a dollar figure used to calculate the amount of spousal maintenance to be awarded to the Petitioner and is not dependent upon its existence. The change of designation of military benefits does not preclude him from his obligation to pay spousal maintenance to Petitioner. Additionally, Petitioner's right to be designated as an irrevocable beneficiary along with the parties 3 children is not contingent on the

receipt of military retirement. The Washington State Court ordered him to obtain the policy based upon the amount of retirement he was receiving in 1984.

Through the full faith and credit principle of the United States Constitution and Chapter 35 of the Texas Civil Practice and Remedies Code, the Decree of Dissolution of Marriage is a valid and enforceable judgment in Texas.

Therefore, Petitioner's Motion for Summary judgment should be granted.

## IV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that:

The court set this matter for hearing, with notice to Respondent and that upon completion of said hearing the Court grants Petitioner's Motion for Summary Judgment and that the Court grant Petitioner the following:

1. A Judgment enforcing the decree, awarding Petitioner $20,457.39 in unpaid spousal maintenance from September 1, 2013 to May 2015, plus cost of living increases since 2013 as well as pre-judgment and post-judgment interest as provided by law;

2. An order requiring Respondent to resume the monthly spousal maintenance of $979.05, plus any cost of living allowances to military retirement since August 2013, effective June 1, 2015;

3. An Order of Garnishment for the spousal maintenance to ensure the future payment of spousal support;

4. An order requiring Respondent to obtain a life insurance policy naming Petitioner and the children as irrevocable beneficiaries, setting a compliance hearing within 60 days to ensure Respondent's compliance with the order of the Court.

5. Attorney's Fees and Cost of suit; and

6. Petitioner be granted such other and further relief, special or general, at law or in equity, as may be shown that Petitioner is justly entitled to receive.

Respectfully submitted,

Laubach Law Office
1370 Pantheon Way, Suite 110.
San Antonio, Texas 78232
210-222-1225 -- Office / 210-853-5943 -- Fax

By:_____
    Dawn M. Laubach
    State Bar No. 24031271
    E-Mail: laubachlaw@hotmail.com
    Attorney for Claire L. Allen

## NOTICE OF HEARING

Petitioner's Motion for Summary Judgment is set for hearing on June 9, 2015 at 9:00 a.m., in the 425th Judicial District of Williamson County, Texas.

_____
District Clerk

## CERTIFICATE OF SERVICE

I certify that on May 24, 2015 a true and correct copy of Petitioner's Motion for Summary Judgment and brief in support was served by fax on Kevin Henderson at (512) 863-9381.

_____
Dawn M. Laubach

JERRY GRAHAM
COUNTY CLERK

'13 APR 25 AM 9:00

WHATCOM COUNTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR

WHATCOM COUNTY

IN RE THE MARRIAGE OF: )

CLAIRE L. ALLEN,          )          NO.   84-3-00050-3

          Petitioner,    )          DECREE OF DISSOLUTION
                   )          OF MARRIAGE

and                       )

LAWRENCE H. ALLEN,        )

          Respondent,    )

                   )

THIS MATTER coming on regularly for hearing April 25, 1984, Petitioner appearing personally and with counsel, CHRISTOPHER E. FLETCHER, Respondent not appearing an Order of Default entering against him and the Court having examined the file and hearing the testimony presented and being well and fully advised in the premises and having made and entered its Findings of Fact and Conclusions of Law

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The marriage heretofore existing between the parties should be and the same is hereby dissolved.

2. Custody of the parties three minor children, to wit: GINGER LISE ALLEN; SUZANNE MARGARET ALLEN and JESSICA LYNN ALLEN, should be and the same is hereby awarded to Petitioner subject to Respondent's rights of reasonable visitation.

DECREE OF DISSOLUTION - 1

CHRISTOPHER E. FLETCHER
ATTORNEY AT LAW
1275 THIRD STREET
BLAINE, WASHINGTON 98230

(206) 332-5555

423 979

3. Petitioner and Respondent should be and are hereby awarded the real and personal property in their respective possession or under their respective control as of the date of this Decree, free and clear of any right, title or interest on the part of the opposing party specifically including, but not limited to, the businesses operated by each party, to wit:  all assets, income or other increments of value associated with ALLEN NORTHWEST CONSTRUCTION shall be the sole and exclusive separate property of Respondent; all assets, income or other increments of value associated with DIFFERENT DRUMMER shall be the sole and exclusive property of Petitioner.

4. As of the parties date of separation, November 2, 1983, each party shall be wholly responsible for its own individual and business indebtedness and each party shall indemnify and hold the opposing party harmless from such indebtedness specifically including, but not limited to, the parties individual retail charge accounts.

5. By way of child support and spousal maintenance Lawrence H. Allen shall pay through the registery of the Superior Court for Whatcom County for the benefit of Claire L. Allen on the first day of each calendar month an amount equal to his U.S. Army retirement pay (presently $1,240 per month, subject to periodic cost of living increases).  Of such amount one-third of the total payment shall be deemed spousal maintenance and such payment shall continue so long as both parties survive; two-thirds of such monthly payment shall be deemed child support for the parties

DECREE OF DISSOLUTION - 2

CHRISTOPHER E. FLETCHER
ATTORNEY AT LAW
1275 THIRD STREET
BLAINE, WASHINGTON 98230

(206) XXX-5558

three minor children.   As the parties three minor children each individually complete their respective education or become self-supporting and enamcipated the child support portion of such monthly payment shall abate pro tanto.   Respondent shall fully cooperate and execute any and all documents necessary to effect direct payment or assignment of such US Army Pension to the Registery of the Whatcom County Superior Court for the benefit of Petitioner and the parties three minor children,   In the event of the death of Respondent the child support payments set forth herein shall be a continuing charge against his estate,  In the event of the death of Petitioner any child support or spousal maintenance payments due to her shall be paid to her estate,  Respondent shall provide financial information to Petitioner upon her request but in any event shall provide her with a copy of his annual tax return.

6.   Respondent shall procure and continuously maintain life insurance on himself payable to Petitioner and the parties three minor children as irrevocable beneficiaries in an amount sufficient to fund an anmuity equal in value to Respondent's U.S. Army Retirement Pension,

DONE IN OPEN COURT this _____ day of _____, 1984,

_____
JUDGE

Presented by:

_____
CHRISTOPHER E. FLETCHER
Attorney for Petitioner

DECREE OF DISSOLUTION
OF MARRIAGE - 3