Nancy J. WOLFRAM, Appellant,

v.

Lou Ann WOLFRAM, Individually, and as Trustee of the Herbert E. Wolfram and Lou Ann Wolfram Revocable Living Trust Agreement dated June 24, 1997, Appellee.

No. 04–03–00686–CV.

Court of Appeals of Texas, San Antonio.

April 6, 2005.

Jeff Small, Law Office of Jeff Small, San Antonio, for appellant.

John E. Bakke, III, The Law Office of John E. Bakke, III, Thomas H. Crofts, Jr., Nissa M. Sanders, Crofts & Callaway, P.C., San Antonio, for appellee.

Sitting: PAUL W. GREEN, Justice,[1] KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

---

1. Justice Paul W. Green not participating.

## OPINION

Opinion by KAREN ANGELINI, Justice.

In an opinion and judgment dated December 29, 2004, we reversed the trial court's summary judgment rendered in favor of Lou Ann Wolfram, individually and as trustee of the Herbert E. Wolfram and Lou Ann Wolfram Revocable Living Trust Agreement dated June 24, 1997, and remanded the cause to the trial court for proceedings consistent with this opinion. Lou Ann filed a motion for rehearing in which she contends we erred in holding that filing a foreign judgment against an "estate" had adequately complied with the domestication procedures under the Uniform Enforcement of Foreign Judgments Act ("Uniform Act"), thus creating a valid and final Texas judgment. We agree. Accordingly, we grant Lou Ann's motion for rehearing, and we vacate our earlier opinion and issue this opinion and judgment in its place.

### BACKGROUND

Nancy J. Wolfram ("Nancy") and Herbert E. Wolfram ("Herbert"), residents of the state of California, divorced in 1987. On February 4, 1988, the Superior Court of California for Orange County ordered spousal support from Herbert to Nancy in the sum of $1,900.00 per month, "commencing on January 1, 1988, and continuing thereafter until the death of either party, re-marriage of [Nancy] or until further order of court, whichever shall first occur." In August of 1990, Herbert, who had remarried, moved with his new wife, Lou Ann Wolfram ("Lou Ann"), to Bexar County, Texas, at which time it appears he stopped making payments to Nancy.[2]

---

2. Nancy claims such payments ended December of 1990.

Nancy petitioned the Superior Court of Orange County, California, for issuance of an Abstract of Judgment and Writ of Execution on the unpaid balance of the California alimony judgment, which she received on February 11, 1997. This amount of total judgment plus accrued interest totaled $179,173.88. Following the issuance of this abstract of judgment and writ of execution, on or about June 24, 1997, Herbert and Lou Ann created and transferred assets into the HERBERT E. WOLFRAM AND LOU ANN WOLFRAM REVOCABLE LIVING TRUST ("Wolfram trust"). Herbert died on September 7, 1999. Following Herbert's death, Nancy filed a Petition to Enforce Foreign Judgment against Herbert Wolfram and Estate in the Probate Court of Bexar County, Texas.

At the time of his death, Herbert, by his will, requested that Lou Ann serve as independent executor. Nancy contested Lou Ann's appointment and, on June 18, 2001, filed suit to Request for TRO and Temporary Injunction against Lou Ann in District Court in cause number 2001–CI–08847. Nancy sued Lou Ann individually and as trustee, alleging violations of the Texas Uniform Fraudulent Transfer Act (TEX. BUS. & COM. CODE ANN. § 24.001 et seq.) and requesting judgment for the principal sum of $207,000.00, the amount of the California judgment. Nancy and Lou Ann filed cross motions for summary judgment.

In her motion for summary judgment, Nancy asserted that: (1) Nancy domesticated the California alimony judgment in Texas state court pursuant to the Uniform Act contained within chapter 35 of the Texas Civil Practice and Remedies Code; (2) Nancy, therefore, is a judgment creditor of Herbert; (3) Herbert transferred all of his assets to the Wolfram trust as sole beneficiary to his Estate; (4) Herbert made this transfer with the actual intent to hinder, delay and defraud Nancy of her right as a creditor of Herbert in violation of the Texas Uniform Fraudulent Transfer Act ("FTA").

In response, Lou Ann asserted that she was entitled to summary judgment on two grounds. First, Lou Ann argued that Nancy could not maintain an action against her because no debtor-creditor relationship existed between them. Second, Lou Ann argued that the FTA suit was time-barred by section 16.066(b) of the Texas Civil Practice and Remedies Code.

The trial court granted summary judgment in favor of Lou Ann. Nancy appeals from this summary judgment.

## STANDARD OF REVIEW

We review a summary judgment *de novo. Reynosa v. Huff,* 21 S.W.3d 510, 512 (Tex.App.-San Antonio 2000, no pet.). Accordingly, we will uphold a summary judgment only if the summary judgment record establishes that there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law on a ground set forth in the motion. *American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); TEX. R. CIV. P. 166a(c). In deciding whether the summary judgment record establishes the absence of a genuine issue of material fact, we view as true all evidence favorable to the non-movant and indulge every reasonable inference, and resolve all doubts in its favor. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). When, as in the instant case, the trial court enters a general summary judgment order, the summary judgment must be affirmed on appeal if any of the theories advanced are meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

## ENFORCEMENT OF A FOREIGN JUDGMENT

In one issue, Nancy contends that the trial court erred in granting Lou Ann's motion for summary judgment because Nancy's cause of action against Lou Ann was not time-barred by section 16.066(b) of the Texas Civil Practice and Remedies Code.[3] We have consistently applied section 16.066(b) as the relevant statute of limitations to actions brought to enforce foreign judgments from federal courts and sister states. See Carter v. Jimerson, 974 S.W.2d 415, 417 (Tex.App.-Dallas 1998, no pet.); see also Lawrence Sys., Inc. v. Superior Feeders, Inc., 880 S.W.2d 203, 207 (Tex.App.-Amarillo 1994, writ denied). Section 16.066(b) provides that "[a]n action against a person who has resided in this state for 10 years prior to the action may not be brought on a foreign judgment rendered more than 10 years before the commencement of the action in this state." TEX. CIV. PRAC. & REM.CODE ANN. § 16.066(b) (Vernon 1997). Here, Nancy brought her suit to enforce the California judgment under the FTA, filing her petition more than 10 years after both the rendition of the California judgment and the commencement of Herbert's Texas residence.[4]

Nevertheless, on appeal, Nancy contends that section 16.066(b) did not apply to her suit against Lou Ann because it was not a suit brought to enforce a foreign judgment. Instead, Nancy argues that, because she had previously domesticated the California judgment in a Bexar County, Texas probate court, her suit was an attempt to collect on a valid and final Texas judgment—one subject to a wholly different statute of limitations. Therefore, Nancy argues that she is entitled to bring action against Lou Ann, in her capacity as sole beneficiary of the Wolfram trust, to satisfy the judgment. For the following reasons, we disagree.

Nancy claims to have domesticated the California judgment in the Bexar County, Texas probate court prior to filing suit against Lou Ann. Under the Uniform Act, by filing an authenticated copy of a sister

---

3. Lou Ann concedes the inquiry posed in Appellant's first issue and suggests that it need not be decided in resolving this appeal. See Johnson v. Rancho Guadalupe, 789 S.W.2d 596, 597 (Tex.App.-Texarkana 1990, writ denied).

4. Here, the pertinent dates are as follows: California judgment was rendered on February 4, 1988; Herbert began his Texas residency in August 1990; and Nancy filed this suit on June 18, 2001. Therefore, Lou Ann met her summary judgment burden to prove as a matter of law that section 16.066(b) applied because Nancy did not file suit within the ten-year statutory period. Once the movant has produced sufficient evidence to show entitlement to judgment as a matter of law, the non-movant has the burden to show that a fact question exists to an element of the affirmative defense to the claim relied on by the movant or as to each element of a "defense to the defense" relied upon by the movant. See Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex.1996) (holding that once defendant established its statute of limitations defense as a matter of law, plaintiff had burden to prove a fact issue about fraudulent concealment to defeat summary judgment).

Here, as an ancillary argument brought for the first time on appeal, Nancy contends that Herbert's death in September of 1999 suspended the running of the statutory period for twelve months, tacking one year onto the original ten-year limitation period. See TEX. CIV. PRAC. & REM. CODE ANN. § 16.062 (Vernon 1997). Therefore, Nancy contends that, even under Lou Ann's theory, the suspended statute did not expire until July 2001, and her FTA suit was timely filed on June 18, 2001. Nancy did not raise this argument at the trial court, however, and a summary judgment cannot be reversed on appeal on the basis of an issue that was not expressly and timely presented to the trial court by written response or other document. See TEX. R. CIV. P. 166a(c); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 677 (Tex. 1979). Therefore, Nancy has waived this argument on appeal.

state judgment in a Texas court, the judgment holder can "domesticate" the foreign judgment. In other words, the filed foreign judgment instantly becomes a valid and enforceable Texas judgment, as if it had been rendered by the filing court. TEX. CIV. PRAC. & REM.CODE ANN. § 35.003(c) (Vernon 1997 & Supp.2004–05); *Walnut Equip. Leasing Co., Inc. v. Wu*, 920 S.W.2d 285, 286 (Tex.1996) ("when a judgment creditor proceeds under the [Uniform Act], the filing of the foreign judgment comprises both a plaintiff's original petition and a final judgment"); *see generally* 9 WILLIAM V. DORSANEO III, TEXAS LITIGATION GUIDE § 134.51 (Nov.1999). No other pleading is required; nothing else needs to be introduced into evidence. *Id.*

■ Here, Nancy filed an authenticated copy of the foreign judgment in Bexar County probate court on October 19, 2000.[5] Nancy filed this judgment, however, after Herbert had died, and absent any court-appointed representative, through a petition against his "estate." In her motion for rehearing, Lou Ann asserts that filing a foreign judgment against a man who had died, in a Texas suit against his "estate," cannot result in a final and non-appealable Texas judgment under the Uniform Act. We agree.

■ It has long been settled that the "estate" of a decedent is not a legal entity that can either sue or be sued. *Henson v. Estate of Crow*, 734 S.W.2d 648, 649 (Tex. 1987)[6]; *Price v. Estate of Anderson*, 522

---

**5.** In her efforts to comply with the Uniform Act, Nancy made two filings with the Probate Court of Bexar County, Texas: (1) an Original Petition to Enforce Foreign Judgment ("Original Petition") on April 10, 2000, and (2) a Supplement to Original Petition ("Supplement") on October 19, 2000. In her Original Petition, however, Nancy failed to attach an authenticated copy of the California judgment, choosing instead to file an authenticated copy of the abstract of judgment. Therefore, here, we are called on to decide whether the California court's abstract of judgment met the requirement of section 35.003 that a "copy" of a foreign judgment be filed in any court of competent jurisdiction in this state. Black's Law Dictionary defines the term "copy" as "a transcript, double, imitation, or reproduction of an original writing, painting, instrument, or the like." BLACK'S LAW DICTIONARY 303–04 (5th ed.1979). Moreover, the word " 'copy' implies that the instrument so labeled is identical with another instrument." *See In re Janes' Estate*, 18 Cal.2d 512, 116 P.2d 438, 441 (1941); *see also Rasmussen v. Baker*, 7 Wyo. 117, 50 P. 819, 825 (1897) ("We are convinced that a copy of that instrument can consist only in a reproduction of the words of which it is composed in the same relation as they are there found, and thus, as a necessary consequence, in the language in which it is written").

The abstract of judgment cannot fit these definitions of "copy." An abstract of judgment is not identical to the original judgment.

It is not a reproduction of the words of the original judgment. Indeed, an abstract is not even signed by the judge of the rendering court. Rather, an abstract of judgment is a printed form designed to give parties notice of a judicial lien upon the property of a judgment debtor. *See* TEX. PROP. CODE ANN. § 52.001 (Vernon 1995 & Supp.2004–05); *see also Citicorp Real Estate, Inc. v. Banque Arabe Internationale D'Investissement*, 747 S.W.2d 926, 929 (Tex.App.-Dallas 1988, writ denied). Accordingly, we cannot hold that Nancy filed a "copy" of a judgment with her Original Petition as required under the Uniform Act.

**6.** In *Henson*, the plaintiff sued the defendant for rental payments due under an oral lease. The defendant died shortly before the trial. Henson thereafter amended his petition and named the Estate of Bruce L. Crow as the defendant. The trial was had on those pleadings. Henson argued the Estate of Crow had waived the error by failing to except to the defect in Henson's pleadings. However, the Texas Supreme Court rejected that argument, saying, "This merely begs the question. Inasmuch as no legal entity was named as a defendant, there was no one to except to the pleadings or waive any defect therein." *Henson*, 734 S.W.2d at 649 (discussed in *Miller v. Estate of Self*, 113 S.W.3d 554, 556–57 (Tex. App.-Texarkana 2003)).

S.W.2d 690, 691 (Tex.1975); *Miller v. Estate of Self,* 113 S.W.3d 554, 556 (Tex.App.-Texarkana 2003, no pet.). Instead, a suit seeking to establish the decedent's liability on a claim and subject property of the estate to its payment should be filed against the personal representative, or, under appropriate circumstances, against the heirs or beneficiaries. *Miller,* 113 S.W.3d at 556; *Estate of C.M. v. S.G.,* 937 S.W.2d 8, 10 (Tex.App.-Houston [14 Dist.] 1996, no writ) (holding that not naming the personal representative of an estate in a lawsuit was a matter of fundamental jurisdiction that cannot be waived). This principle also applies to judgments filed under the Uniform Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(c) (Vernon 1997) ("[a] filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings, for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed"). Therefore, here, compliance with the Uniform Act necessitated filing the judgment against the personal representative of Herbert's estate, or, in the absence of such a person, against his heirs or beneficiaries. Accordingly, we hold that Nancy failed to properly domesticate the California judgment pursuant to the Uniform Act.

 Moreover, even assuming domestication was proper, Nancy could not seek to enforce the amount of the judgment in a direct suit against Lou Ann. A judgment domesticated under the Uniform Act is equivalent to a judgment rendered by a Texas court with regard to the collection and enforcement proceedings available to the judgment creditor.[7] *Id.* In Texas, when a judgment debtor dies, "execution may not issue thereon, but the judgment

may be proved up and paid in the due course of administration." *See* TEX.R. CIV. P. 625. Therefore, the judgment creditor may not file judgment against a dead person and subsequently bring action to enforce it against a person who was not a party to the suit. Here, Herbert Wolfram was the only party defendant to the California suit and, therefore, the only judgment debtor to Nancy. Accordingly, enforcement of the judgment could not be executed against Lou Ann, and instead should have been settled, if at all, through a proper administration of the estate.

## Conclusion

In accordance with this opinion, we overrule all issues and affirm the judgment of the trial court.

---

7. A judgment creditor under the Uniform Act may have a writ of execution issued, enforce a judgment lien on the judgment debtor's non-exempt real property found in Texas, or resort to judicial remedies such as garnishment or an order that the debtor turn property over to an intermediary for sale.