NO. 07-07-0418-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 23, 2008

_____

LEEANN LOVE,

Appellant

v.

ROBERT MORELAND,

Appellee

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-537,570; HON. SAM MEDINA, PRESIDING

_____

***Opinion***

_____

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

*And through the maze the children ran to see at where it stopped.*
*But confused and dazed they became before they finally dropped.*[2]

Standing at the point of dropping, the judges of this court have before them a maze

encompassing the requirements of the Uniform Enforcement of Foreign Judgment Act.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2008).

[2] Lizzy.

Though rather clear and simple, the words of that Act went unheeded, which resulted in the purported issuance of a non-judgment by a Lubbock County court which, in turn, formed the basis for an order rendered by a Harris County judge appointing a receiver to levy upon the assets of a Harris County resident. Now the parties argue about jurisdiction, bills of review, and missing trials. In effort to clear the daze and escape the maze, we affirm in part and reverse and remand in part.

*Background*[3]

Richard Moreland practiced law in Colorado at one time with a partner named Ben Thompson. However, Moreland moved to Texas in September of 1990 and began working for the Texas Land Office.

Prior to Moreland's departure from the firm, Leeann Love became one of the firm's clients. Moreland's partner, Thompson, represented her. Moreover, during the course of that representation, he allegedly committed acts of malpractice. These acts resulted in a suit against Moreland and Thompson as well as the issuance of a monetary judgment against Moreland in May of 1994.[4]

Over twelve years after obtaining the Colorado judgment, that is, on December 27, 2006, Love attempted to domesticate the decree in Texas by filing a transcript or description of it in Lubbock County, though Moreland resided in Harris County. Neither the actual Colorado judgment nor an authenticated copy of it was ever filed, however.

---

[3]The matters discussed under the topic "Background" are garnered from the affidavit of Richard Moreland, allegations within the pleadings and motions, as well as the argument of counsel uttered at two hearings. And, we all know that an attorney's arguments do not constitute evidence, *Tex. Dept. of Public Safety v. Mendoza,* 952 S.W.2d 560, 564 (Tex. App.—San Antonio 1997, no writ), especially when the nature of the hearings cannot be readily categorized.

[4]Apparently, Thompson settled.

Some time passed.  Then Love caused to be initiated a turnover proceeding in Harris County, based upon the allegedly domesticated judgment.  This, in turn, resulted in the appointment of a receiver who attempted to gather Moreland's assets.  At that point, Moreland filed a document in Lubbock County entitled "Motion to Vacate Judgment and Dismiss with Prejudice."  Of the various grounds mentioned as support for relief, several included allegations involving lack of notice and limitations.  Moreover, when the trial court convened a hearing to entertain the motion, Moreland characterized his motion as a "bill of review."

Upon hearing the argument of counsel, the trial court granted the request to vacate the purportedly domesticated judgment.  So too did it dismiss "with prejudice" Love's domestication efforts.  In doing so, it found, among other things, that Moreland's motion to vacate was tantamount to a bill of review and that limitations expired thereby giving him a "perfect defense" to the foreign judgment.  From that decision, Love appealed.

*Issue 1 - Plenary Power*

We begin by addressing Love's allegations that the trial court lacked jurisdiction to vacate the foreign judgment.  She believes that the document became a final Texas decree on January 27, 2007, that is, thirty days after the purported Colorado judgment was filed in Lubbock County.  We overrule the issue.

To gain the same recognition and effect of a judgment issued by a Texas court under §35.001 *et seq.* of the Texas Civil Practice and Remedies Code (*i.e.* the Uniform Enforcement of Foreign Judgment Act), an authenticated foreign judgment must be filed with the clerk of the Texas court.  TEX. CIV. PRAC. & REM. CODE ANN. *§35.003(a)* (Vernon 2008).  This requirement is not satisfied by filing a mere abstract of judgment.  *Wolfram v.*

3

*Wolfram,* 165 S.W.3d 755, 759 n.5 (Tex. App.–San Antonio 2005, no pet.). Moreover, no one disputes that Love failed to include an authenticated copy of the actual Colorado judgment in her "Notice of Filing of Foreign Judgment Pursuant to Section 35.003." Instead, a "transcript" of the judgment was tendered.[5]

So, because Love did not file a copy of the Colorado judgment itself, the terms of §35.001 *et seq.* of the Civil Practice and Remedies Code never enured to her benefit. In other words, tendering the "transcript" was not tantamount to the entry of a final judgment thereby limiting to thirty days the time period within which Moreland had to attack it. *See* TEX. CIV. PRAC. & REM. CODE ANN. §35.003(c) (Vernon 2008) (stating that a "filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed"); TEX. R. CIV. P. 329b (a) & (g) (stating that a motion for new trial or to modify a final judgment must be filed within thirty days of the date the judgment is signed). And, since a trial court's plenary jurisdiction over a proceeding does not start winding down until a final judgment is entered, *In re Salas,* 228 S.W.3d 774, 777 (Tex. App.–El Paso 2007, no pet.) (stating that a trial court has plenary jurisdiction over its orders until thirty days after entry of a final judgment if no motion for new trial is

---

[5]The "transcript," like an abstract of judgment, merely contained a description of some items that most likely would be included in a judgment, such as the name of the parties and amount owed. Yet, it omitted many elemental items of a judgment such as the name or signature of the judge who executed the decree and verbiage manifesting the adjudication of the rights involved. Thus, we cannot consider the "transcript" to be the judgment as contemplated by §35.003(a) of the Texas Civil Practice and Remedies Code.

filed), the trial court below never lost its authority to act. Simply put, it retained its jurisdiction to adjudicate the validity of Love's purported notice of filing a foreign judgment.[6]

*Issue Three – Trial*

In her third issue, Love contends that the trial court erred in adjudicating the merits of her attempt to domesticate the judgment without an evidentiary trial. We sustain the point.

In adjudicating the matter, the trial court dismissed it "with prejudice." Appending the latter two words to the dismissal resulted in an adjudication on the merits. *Ritchey v. Vasquez,* 986 S.W.3d 611, 612 (Tex. 1999) (stating that a dismissal with prejudice is an adjudication of the merits). Moreover, that the trial court so intended to adjudicate the merits is manifest by its factual findings that the "[f]oreign judgment was rendered more than ten . . . years prior to the commencement of the action in the State of Texas" and that Moreland "had a perfect defense to the foreign judgment that he was prevented from asserting due to no fault of" his own.

Yet, at the hearing upon Moreland's request to vacate, no evidence was offered, not even the affidavit appended to the motion to vacate. Legal counsel simply provided the trial court with argument, which argument cannot be considered evidence. *Tex. Dept. of Public Safety v. Mendoza,* 952 S.W.2d 560, 564 (Tex. App.–San Antonio 1997, no writ) (holding that argument of counsel is not evidence). That like arguments were contained in the pleadings or motions is of no help either since allegations in pleadings generally are not evidence. *Blackwell v. Chapman,* 492 S.W.2d 657, 658 (Tex. Civ. App.–El Paso 1973,

---

[6]In resolving the first issue as we do, we need not determine the second for it does not matter whether the motion to vacate constituted a bill of review.

5

no writ).  And, to the extent that there may have been an affidavit attached to the motion, no one indicated that the motion should be considered one for summary judgment or that summary judgment procedures were utilized in disposing of the matter.

Nor does the statement of facts memorializing the hearing reveal that the trial court informed the litigants that it intended the proceeding to be a final evidentiary hearing or trial.  We further deduce from the record that the litigants and trial court were concerned not so much with whether the trial court could finally adjudicate the merits of the claim via the hearing but rather with whether the motion to vacate was in actuality a bill of review.  This is of import because granting a bill of review does not necessarily result in final adjudication of the underlying rights involved.  *See e.g., Keifer v. Touris,* 197 S.W.3d 300, 302 (Tex. 2006).  Also of concern is Moreland's failure to address, in his appellee's brief, the issue before us or explain how the trial court could lawfully adjudicate the merits of Love's action through means other than a trial or even a summary judgment proceeding.

On the other hand, Moreland expressly requested, via his motion to vacate, that Love's efforts be dismissed with prejudice.  So too did he describe for the trial court why he thought such a dismissal was warranted, and the trial court did ponder the effect that limitations would have on the outcome. Moreover, Love neither questioned the form of the motion nor expressly attacked on appeal the aforementioned factual findings rendered by the trial court and touching upon the defense of limitations.  Similarly missing from her appellant's brief is any explanation as to how reversal and remand would result in a different outcome or how she was harmed by the procedure utilized.

Nonetheless, it seems contrary to our accepted notions of justice and jurisprudence to permit the final adjudication of a claim outside the formalities of a trial or summary

6

proceeding authorized by the rules of procedure. This is especially so here given the confusion about the nature and extent of and issues involved in the hearing held on the motion to vacate. That no one actually tendered evidence or stipulated to the relevant facts at the hearing is also troublesome since factual findings were rendered. Moreover, if limitations is a "perfect defense," as stated by the trial court, then it would seem that the matter could be quickly disposed of through summary judgment. And, because of these particular circumstances, we conclude that the better course of action would be to honor justice and our system of law and remand the proceeding so that all have opportunity to knowingly pursue a final disposition in accordance with law and procedure. This way, the confusion and daze can be brushed away before we finally drop.

Accordingly, we reverse that portion of the "Order Vacating Judgment" that dismisses the cause, affirm the remainder, and remand for further proceedings.


Brian Quinn
Chief Justice

7