NO. 07-09-0112-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 7, 2009
_____

TERRY LYNN SMITH,

Appellant

V.

ROY CLINTON FARRELL, JR., individually and as
trustee of the ROY CLINTON FARRELL, JR. TRUST,

Appellee
_____

FROM THE 46th DISTRICT COURT OF WILBARGER COUNTY;

NO. 24,777-A; HON. DAN MIKE BIRD, PRESIDING
_____

***MEMORANDUM OPINION***
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Terry Lynn Smith appealed from a final summary judgment and contends that the trial court erred in granting it because he invoked his right against self-incrimination. Instead, it allegedly should have abated the suit until the State completed its criminal investigation of him. We affirm.

*Abatement*

We first address the contention that the trial court should have indefinitely abated the suit because of an allegedly pending criminal investigation involving Smith. He did not

want to have to invoke his privilege against self-incrimination and thereby risk the consequences that may arise for doing so.  The issue is overruled.

The record before us contains neither affidavits nor evidence supporting the allegations about the pendency of criminal proceedings, their scope, their duration, the entity pursuing them or the like.  Rather, Smith's then attorney simply mentioned their existence through the motion to abate.[1]  Yet, allegations by an attorney appearing in pleadings or motions are not evidence.  *Love v. Moreland,* 280 S.W.3d 334, 338 (Tex. App.–Amarillo 2008, no pet.).  Without evidence of record establishing the legitimacy of his allegations, we have no way of assessing the bona fides of the claim or the trial court's action *viz* it.  Or, to paraphrase *ipse dixit*, "it ain't so just because you say it's so," you have to prove it.  *See In re Edge Capital Group, Inc.,*161 S.W.3d 764, 768 (Tex. App.–Beaumont 2005, no pet.) (involving the invocation of the Fifth Amendment to halt discovery in a civil proceeding and noting that the trial court erred in granting a protective order because, among other things, the complainant presented no evidence to support his claim).

*Summary Judgment*

Next, Smith complains about the trial court's entry of summary judgment.  This was purportedly improper because he invoked his claim against self-incrimination and the trial court used that claim as basis for entering the judgment.  We overrule the issue.

Smith cites to nothing in the judgment that begins to suggest that the trial court granted summary judgment because he invoked his privilege against self-incrimination. Instead, the record discloses that Farrell served Smith with requests for admissions which

---

[1]It does appear that all litigants concede that any criminal investigation did not involve property owned by Farrell.

Smith failed to timely answer. Consequently, the requests were deemed admitted without court action. TEX. R. CIV. P. 198.2(c). Those admissions and the affidavit attached to the motion for summary judgment provided the evidentiary basis for entry of the judgment. Finally, nothing of record illustrates that Smith ever sought to be relieved of the deemed admissions.

Accordingly, the summary judgment is affirmed.


Brian Quinn
Chief Justice