

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-17-00091-CV**

**IN RE JEREMY PICKRELL AND ERBE USA, INC.**

_____

**Original Proceeding**

## MEMORANDUM OPINION

In this mandamus petition, relators, Jeremy Pickrell and Erbe USA, Inc., contend

that the trial court abused its discretion by ordering the deposition of Pickrell and the

production of various documents under Texas Rule of Civil Procedure 202.  *See* TEX. R.

CIV. P. 202.  Because we conclude that real party in interest CONMED Corporation has

failed to provide sufficient evidence to establish the Rule 202 factors, and because Rule

202 does not authorize the pre-suit discovery of documents, we conditionally grant

relators' mandamus petition.

# I.  BACKGROUND

This mandamus proceeding arises out of CONMED's verified, pre-suit petition to take a Rule 202 deposition of its former employee, Pickrell, and to obtain various documents.  Specifically, in its verified petition, CONMED asserted the following:

> CONMED requests the Rule 202 deposition of its former employee, Jeremy Pickrell ("Pickrell"), for the purpose of investigating whether Pickrell has honored his non-disclosure, non-compete, client non-solicitation, and employee non-solicitation agreements and/or whether Pickrell has complied with his common law and statutory duties regarding CONMED's confidential information and trade secrets since his December 15, 2016 resignation.
>
> . . . .
>
> Ultimately, CONMED seeks to determine whether there is a factual basis for CONMED to assert claims against Pickrell for breach of any of his restrictive covenant agreements and/or breach of his common law and statutory duties concerning CONMED's confidential information and trade secrets.  CONMED further seeks to determine if injunctive relief is warranted, if any equitable extension of one or more of Pickrell's restrictive covenants is appropriate, and/or whether Pickrell has proximately caused CONMED contractual or economic damages since resigning.

CONMED also noted that Pickrell previously worked for CONMED as a sales representative and that he signed non-disclosure, non-compete, client non-solicitation, and employee non-solicitation provisions as part of his employment agreement with the company.[1]

---

[1] In its verified petition, CONMED explained that it:

designs, manufactures and sells a variety of orthopedics and general surgery products, including electrosurgery generators with corresponding disposable instruments, arthroscopic medical devices, multi-specialty endoscopic medical video systems and

However,

> [s]ince his resignation, CONMED learned that Pickrell may be violating his contractual, common law, and statutory duties owed to CONMED. Shortly after the end of his employment with the Company, upon information and belief, Pickrell started working for Erbe USA, Incorporated ("Erbe") in a sales capacity. Erbe is a direct competitor of CONMED and it markets directly to the same customer base as CONMED. Pickrell may, in fact, be working in the same or substantially similar capacity as his role with CONMED, in the same territory, in violation of his contractual promises.

Other than its verified petition and the argument of counsel at the hearing on the Rule 202 requests, CONMED did not proffer any additional evidence supporting its contentions.

In any event, based on the aforementioned belief that Pickrell may be violating his employment agreements with CONMED by working for Erbe, CONMED requested a Rule 202 deposition of Pickrell to explore:

a.  the facts and circumstances surrounding Pickrell's employment and/or association with Erbe, such as his job title, job duties (including whether they are the same or substantially similar to those duties he had with CONMED), and the geographic territory/territories and/or area for which he provides services;

b.  what role, if any, Pickrell played in soliciting, encouraging, or convincing CONMED's clients to cease doing business with CONMED and/or patronize a competitor;

---

powered surgical instruments, among other items. Particularly relevant here are products for therapeutic endoscopy, including argon gas-assisted electrosurgery for cauterization of tissue in the GI tract.

c. Pickrell's retention, use, disclosure, or destruction of CONMED confidential information and/or trade secrets following the end of his CONMED employment.

Additionally, CONMED sought the production of various documents it believed are related to Pickrell's purported breach of his employment agreements with CONMED.

In response to CONMED's verified petition, relators filed objections and a bench brief requesting the denial of CONMED's Rule 202 requests. After a hearing, the trial court granted CONMED's Rule 202 requests for documents and Pickrell's deposition and ordered the following: "Attorneys may agree on date time location provided they make said agreement in 5 days and deposition occurs in 45 days. Deposition limited to two hours." The trial court signed its order on March 13, 2017. A little more than a week later, relators filed this mandamus petition, as well as an emergency motion to stay the trial court's March 13, 2017 order. CONMED filed its response on April 4, 2017.

## II.    MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when there is "no adequate remedy by appeal." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding) (citations omitted). Here, the parties concede that relators have no adequate remedy by appeal; as such, only the abuse-of-discretion prong is at issue. *See In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding) (per curiam) ("An improper order under Rule 202 may be set aside by mandamus." (citing *In re Jorden*, 249 S.W.3d 416, 420 (Tex. 2008) (orig. proceeding))). "A

trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). "Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.* (citations omitted). In addition, a trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* at 839. Regarding the resolution of factual issues or matters committed to the trial court's discretion, relator must establish that the trial court could reasonably have reached only one decision. *Id.* at 839-40. We cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable, even if we would have decided the issue differently. *Id.* at 840.

### III. RULE 202 PETITIONS

Texas Rule of Civil Procedure 202 permits a person to petition the court for authorization to take a deposition before suit is filed in two circumstances: (1) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (2) to investigate a potential claim or suit. TEX. R. CIV. P. 202.1(a)-(b). It is undisputed that this case involves the investigation of a potential claim or suit. *See id.* at R. 202.1(b).

Rule 202 does not require a petitioner to plead a specific cause of action; instead, it requires only that the petitioner state the subject matter of the anticipated action, if any, and the petitioner's interest therein. *See In re Emergency Consultants, Inc.*, 292 S.W.3d 78,

79 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding) (noting that requiring a Rule 202 petitioner to plead a viable claim "would eviscerate the investigatory purpose of Rule 202 and essentially require one to file suit before determining whether a claim exists" and would place "counsel in a quandary, considering counsel's ethical duty of candor to the court and the requirements of [rule 13]"); *see also City of Houston v. U.S. Filter Wastewater Group, Inc.*, 190 S.W.3d 242, 245 n.2 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("Rule 202 does not require a petitioner to plead a specific cause of action."). Thus, the nature of Rule 202 as an investigatory tool necessitates some breadth of pleading and dictates that we liberally construe the petition.

The trial court "must" order the deposition to be taken "if, but only if," it finds that: (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. TEX. R. CIV. P. 202.4(a). The Texas Supreme Court has expressly held that these findings may not be implied from support in the record. *In re Does*, 337 S.W.3d 862, 865 (Tex. 2011) (orig. proceeding).

"Rule 202 depositions are not now and never have been intended for routine use. There are practical as well as due process problems with demanding discovery from someone before telling them what the issues are." *In re Jorden*, 249 S.W.3d at 423. Accordingly, courts must strictly limit and carefully supervise pre-suit discovery to

prevent abuse of the rule. *In re Wolfe*, 341 S.W.3d at 933; *In re Reassure Am. Life Ins. Co.*, 421 S.W.3d 165, 171 (Tex. App.—Corpus Christi 2013, orig. proceeding). Rule 202 was not intended as a means of obtaining otherwise unobtainable discovery. *See In re Wolfe*, 341 S.W.3d at 933 (noting that petitioner "cannot obtain by Rule 202 what it would be denied in the anticipated action"). Rule 202 expressly limits the scope of discovery in depositions to "the same as if the anticipated suit or potential claim had been filed." *Id.* (citing TEX. R. CIV. P. 202.5). Rule 202, like all the rules of civil procedure, was fashioned by the Texas Supreme Court as a means of "obtain[ing] a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." *City of Dallas v. Dallas Black Fire Fighters Ass'n*, 353 S.W.3d 547, 554 (Tex. App.—Dallas 2011, no pet.) (citing TEX. R. CIV. P. 1); *see Combs v. Tex. Civil Rights Project*, 410 S.W.3d 529, 534-35 (Tex. App.—Austin 2013, pet. denied).

## IV. ANALYSIS

In their mandamus petition, relators contend that CONMED was required to present evidence to satisfy its burden of proof under Rule 202, but failed to do so. Specifically, relators argue that CONMED cannot rely solely on its verified petition and the argument of counsel to establish that the likely benefit of allowing the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. We agree.

Here, CONMED sought the deposition of Pickrell under Rule 202.1(b) to investigate a potential claim or suit. Accordingly, the trial court was required to find, and did find, that "the likely benefit of allowing the petitioner [CONMED] to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." However, as noted above, CONMED did not proffer any evidence to support the contentions made in its verified petition.

Numerous Texas courts have held that a petitioner seeking a pre-suit deposition must present evidence to meet its burden to establish the facts necessary to obtain the deposition. *See In re East*, 476 S.W.3d 61, 68 (Tex. App.—Corpus Christi 2014, orig. proceeding) ("The law is clear that a petitioner seeking a presuit deposition must present evidence to meet its burden to establish the facts necessary to obtain the deposition." (citing *In re Hochheim Prairie Farm Mut. Ins. Ass'n*, 115 S.W.3d 793, 796 (Tex. App.—Beaumont 2003, orig. proceeding); *In re Dallas County Hosp. Dist.*, No. 10-14-00249-CV, 2014 Tex. App. LEXIS 3542, at **5-6 (Tex. App.—Dallas Apr. 1, 2014, orig. proceeding) (mem. op.); *Love v. Moreland*, 280 S.W.3d 334, 336 n.3 (Tex. App.—Amarillo 2008, no pet.); *see also In re Rockafellow*, No. 07-11-00066-CV, 2011 Tex. App. LEXIS 5495, at *13 (Tex. App.—Amarillo July 19, 2011, orig. proceeding) (mem. op.). Moreover, in examining this evidentiary requirement, we are mindful that verified pleadings are generally not considered competent evidence to prove the facts asserted in the pleading. *See In re East*, 476 S.W.3d at 68 (citing *Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex.

1995) ("Generally, pleadings are not competent evidence, even if sworn or verified.")). Furthermore, the argument of counsel is not evidence. *See Love*, 280 S.W.3d at 336 n.3; *Potter v. GMP, L.L.C.*, 141 S.W.3d 698, 704 (Tex. App.—San Antonio 2004, pet. dism'd); *see also Halverson v. Podlewski*, No. 10-05-00303-CV, 2006 Tex. App. LEXIS 8814, at **4-5 (Tex. App.—Waco Oct. 11, 2006, pet. denied) (mem. op.).

Additionally, several Texas courts have applied these basic principles to the Rule 202 burden of proof. *See, e.g., In re Dallas County Hosp. Dist.*, 2014 Tex. App. LEXIS 3542, at *6 ("It is an abuse of discretion for a trial court to order a Rule 202 deposition when the party seeking the deposition fails to provide any evidence to meet the burden of establishing the facts necessary to support ordering a Rule 202 deposition."); *In re Noriega*, No. 05-14-000307-CV, 2014 Tex. App. LEXIS 3462, at **5-6 (Tex. App.—Dallas Mar. 28, 2014, orig. proceeding) (mem. op.) ("The record before the trial court at the hearing consisted only of the pleadings of the parties and the argument of counsel. . . . Thus, even if real party had been able to overcome relator's objection to the verification on the petition that it was not based on personal knowledge of real party's counsel, the verified petition would not have been admissible evidence in support of the Rule 202 petition."); *In re Contractor's Supplies, Inc.*, No. 12-09-00231-CV, 2009 Tex. App. LEXIS 6396, at **13-19 (Tex. App.—Tyler Aug. 17, 2009, orig. proceeding) (mem. op.) (holding that the verified Rule 202 petition does not itself constitute evidence for purposes of supporting the required Rule 202 findings); *In re Rockafellow*, 2011 Tex. App. LEXIS 5495, at *13

(concluding that the trial court abused its discretion in ordering pre-suit depositions because neither the verified petition, nor the arguments of counsel constitute evidence in support of the petition).

We, too, hold that a petitioner under Rule 202 cannot rely solely on its verified petition and/or the argument of counsel to establish the evidentiary requirements under Rule 202. Therefore, because CONMED failed to provide any competent evidence to support its verified Rule 202 petition, we conclude that the trial court abused its discretion in ordering Pickrell to submit to a Rule 202 deposition. *See In re East*, 476 S.W.3d at 68; *see also In re Dallas County Hosp. Dist.*, 2014 Tex. App. LEXIS 3542, at \*6; *In re Noriega*, 2014 Tex. App. LEXIS 3462, at \*\*5-6; *In re Contractor's Supplies, Inc.*, No. 12-09-00231-CV, 2009 Tex. App. LEXIS 6396, at \*\*13-19; *In re Rockafellow*, 2011 Tex. App. LEXIS 5495, at \*13.

Despite the foregoing, CONMED argues that any reliance on *Laidlaw* to support the notion that verified pleadings are not competent evidence is unfounded because *Laidlaw* involved summary-judgment proof. *See* 904 S.W.2d at 660. We are not persuaded by this purported distinction. First, the *Laidlaw* Court used the word "[g]enerally" to precede its statement that sworn or verified pleadings are not competent evidence. *Id.* The use of "[g]enerally" suggests that, in virtually all instances, sworn or verified pleadings are not typically regarded as competent evidence. *See* MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 484 (10th ed. 1993) (defining general as "something (as a concept, principle, or statement) that involves or is applicable to the whole). This

treatment is common amongst Texas appellate courts. *See supra.* Furthermore, the case relied upon by *Laidlaw* for this proposition specifically mentioned that some jurisdictions and at least one commentator have stated that sworn pleadings could be used as proof if the pleadings set out in "great detail" the essential facts and were properly supported by a sworn statement. *Id.* (citing *Hidalgo v. Surety v. Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971)). However, this is not the majority rule.

And even if we were to consider CONMED's verified Rule 202 petition as competent evidence, we cannot say that it contains sufficient evidence to meet the evidentiary requirements of Rule 202. The entire petition contains speculation based solely on the fact that Pickrell resigned from CONMED and began working for a competitor, Erbe. *See, e.g., In re Hewlett Packard*, 212 S.W.3d 356, 363-64 (Tex. App.—Austin 2006, orig. proceeding) (concluding that a petitioner failed to meet the Rule 202 requirements for the discovery of trade secrets because the "threat of an unjust result must be real and not just possible. . . . They are potential claims only. As Dell acknowledges, there is a possibility that it has no claims against the relators. Thus, without more, Dell cannot show that impairment of its presentation of a claim on the merits is anything more than a possibility, much less that any such possible impairment would threaten an unjust result. There is no lawsuit pending in which a result is going to happen. Consequently, Dell has not established the necessity of discovering Hewlett-Packard's trade secret information as required by Texas law"); *Garner Envtl. Servs. v. First*

*in Rescue, Safety & Training, LLC*, No. 01-16-00388-CV, 2016 Tex. App. LEXIS 13631, at **12-14 (Tex. App.—Houston [1st Dist.] Dec. 22, 2016, no pet.) (mem. op.) (concluding that an employer with suspicions that former employees were breaching employment agreements could not have discovered the purported breaches sooner through a Rule 202 deposition because the employer had "no proof of its suspicions" and no "basis to establish that [competitor] had any information in its possession that could justify a pretrial deposition"). There is no evidence suggesting that Pickrell may have violated his employment agreements with CONMED. Such speculation cannot possibly be sufficient to support a Rule 202 deposition that is not intended for routine use and must be strictly limited and carefully supervised. *See In re Wolfe*, 341 S.W.3d at 933; *In re Jorden*, 249 S.W.3d at 423; *see also In re Reassure Am. Life Ins. Co.*, 421 S.W.3d at 171. Accordingly, we sustain relators' complaints regarding the Rule 202 deposition.

In their second complaint, relators argue that the trial court abused its discretion by ordering the production of six categories of documents under Rule 202. "Neither by its language nor by implication can we construe Rule 202 to authorize a trial court, before suit is filed, to order any form of discovery but deposition." *In re Akzo Nobel Chem., Inc.*, 24 S.W.3d 919, 921 (Tex. App.—Beaumont 2000, orig. proceeding). Based on the foregoing, we conclude that the trial court abused its discretion in ordering the production of these documents. As such, we sustain relators' second complaint.

## V. CONCLUSION

Having sustained relators' complaints, we conditionally grant relators' mandamus petition and order respondent to vacate his order granting Pickrell's deposition and document production under Rule 202. We are confident respondent will comply, and the writ will issue only if respondent fails to do so.


                                        AL SCOGGINS
                                        Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Conditionally granted
Opinion delivered and filed April 19, 2017
[OT06]

