

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00103-CR

STATE OF TEXAS APPELLANT

V.

JERE PAUL TOOLEY, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 76,921-D, Honorable David L. Gleason, Presiding

September 21, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

The State of Texas appeals from an order dismissing its prosecution of Jere Paul Tooley. The order memorialized the trial court's decision to grant Tooley's motion to dismiss because the State failed to preserve evidence. The evidence in question was a "video recording . . . by Officer Matthews contemporaneous with the investigation of the case of the alleged victim." Allegedly, the trial court abused its discretion in granting the motion and dismissing because 1) Tooley failed to prove the video evidence in question

was unavailable and 2) the purported absence of the item did not implicate a due process right. We reverse and remand.

Tooley moved to dismiss the prosecution under the auspices of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and "due[] process." In *Brady*, our United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. To prove such a violation, the accused must establish that the State suppressed evidence, which evidence was favorable to the defendant and material. *Ex parte Lalonde*, 570 S.W.3d 716, 724 (Tex. Crim. App. 2019); *see Mayhew v. State*, No. 07-18-00431-CR, 2020 Tex. App. LEXIS 1412, at *2 (Tex. App.—Amarillo Feb. 18, 2020, no pet.) (mem. op., not designated for publication) (noting that the burden lies with the defendant to prove those elements).

A related due process violation may arise when evidence is spoliated, that is, lost or destroyed. *See Arthur v. State*, No. 05-18-00075-CV, 2019 Tex. App. LEXIS 6832, at *20–21 (Tex. App.—Dallas Aug. 7, 2019, no pet.) (mem. op., not designated for publication); *Guzman v. State*, 539 S.W.3d 394, 401 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (stating that spoliation concerns the loss or destruction of evidence). As said in *Arthur*, there are instances when the State has a duty to preserve evidence in its possession and failing to do so may violate due process. *Arthur*, 2019 Tex. App. LEXIS 6832, at *20. This obligation to preserve extends to evidence that may be expected to play a significant role in the suspect's defense. *Id.* at *20–21; *see Guzman*, 539 S.W.3d at 401 (stating that spoliation involves "potentially useful evidence"). Exculpatory

evidence and potentially useful evidence are two types of evidence which come under that umbrella. *See Ex parte Napper*, 322 S.W.3d 202, 229 (Tex. Crim. App. 2010). And, which type the evidence in question actually regulates what the defendant must prove to establish a due process violation. For instance, the destruction or loss of "potentially useful evidence" must be accompanied by a showing of bad faith. *Id.* Bad faith need not be shown if the evidence is exculpatory, though. *Id.* And, in both situations, the burden lies with the defendant to establish both loss or destruction, the category in which the evidence fell, and the other elements of the claim. *Guzman*, 539 S.W.3d at 401.

Finally, if the defendant were to satisfy the requisite burden, the appropriate remedy is not necessarily dismissing the prosecution. The trial court has options which include "barring further prosecution, suppressing evidence, or giving a missing-evidence, adverse-inference, or spoliation instruction." *Arthur*, 2019 Tex. App. LEXIS 6832, at *23. With that said, we turn to the dispute at hand.

The trial court convened a hearing on Tooley's motion. Only the attorneys spoke on behalf of or against it. Neither litigant proffered witnesses nor exhibits. Tooley's counsel simply described what he thought the video captured. Purportedly, "[i]t gave the demeanor, it gave the intoxication level, it gave how coherent she was . . . [a]s the officers said in their testimony, she was very intoxicated, but seeing that is much more relevant than reading that." Defense counsel followed: "The State has lost that. They have lost it or destroyed it. In any event, they have not provided it to us even though we asked them for it, and ***we believe*** it's been destroyed." (Emphasis added).

In response, the State did not admit the video was either lost or destroyed. It instead argued that, if Tooley were "able to prove the evidence was either destroyed or

3

not turned over," then the proper remedy was "cross-examination of the witnesses from the State."

It has long been true that unsworn argument of counsel is not evidence. *See Coleman v. State*, No.13-15-00575-CR, 2016 Tex. App. LEXIS 9891, at *5 (Tex. App.—Corpus Christi Sept. 2, 2016, no pet.) (mem. op., not designated for publication); *accord Love v. Moreland*, 280 S.W.3d 334, 338 (Tex. App.—Amarillo 2008, no pet.) (concluding that argument of legal counsel cannot be considered evidence, nor can like argument appearing in pleadings or motions). This does not apply to undisputed assertions of trial counsel about an event that occurred in court, however. *Coleman*, 2016 Tex. App. LEXIS 9891, at *5–6; *Cordova v. State*, No. 04-07-00246-CR, 2007 Tex. App. LEXIS 9457, at *3–4 (Tex. App.—San Antonio Dec. 5, 2007, no pet.) (mem. op., not designated for publication); *accord Thieleman v. State*, 187 S.W.3d 455, 458 (Tex. Crim. App. 2005) (en banc) (involving an occurrence in the courtroom and holding that an uncontroverted assertion by counsel may be taken as true if "(1) the event could not have happened without being noticed; and (2) the assertion is of the sort that would provoke a denial by opposing counsel if it were not true" and "[i]f these two conditions are met, the opposing party may be held to have adoptively admitted the assertion").

No one and nothing of record suggests that the purported loss or destruction of the video occurred in the courtroom. Nor did the State concede the item was lost or destroyed. All the record contains is argument of defense counsel regarding its absence, which, under the circumstances, is not evidence sufficient to prove loss or destruction. Accordingly, the first prong of Tooley's burden was not established. We reverse the trial

4

court's dismissal of the prosecution, without prejudice, and remand the cause to that court for further consideration commensurate with this opinion.

Brian Quinn
Chief Justice

Do not publish.