

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00139-CV

———————————————

DE LAGE LANDEN FINANCIAL SERVICES, INC., Appellant

V.

M.D.H. OILFIELD SERVICES LLC AND MICHAEL HILBURN, Appellees

On Appeal from County Court at Law No. 2
Tarrant County, Texas
Trial Court No. 2021-006122-2

Before Sudderth, C.J.; Wallach, J.; and Lee Gabriel (Senior Justice, Retired,
Sitting by Assignment)
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

This case involves the Uniform Enforcement of Foreign Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 35.001–.008 (UEFJA). On October 20, 2021, De Lage Landen Financial Services, Inc. (DL) filed a document in the trial court entitled "Affidavit of Filing Foreign Judgment" with multiple attachments. No responsive pleading was filed by defendants M.D.H. Oilfield Services LLC and Michael Hilburn (Appellees) until February 23, 2022, when they filed a motion to vacate, followed by an amended motion to vacate on March 15, 2022. DL responded, in part, by challenging the trial court's plenary jurisdiction to rule on the motion to vacate because it had not been filed within thirty days after the filing of the Affidavit. A visiting judge held a hearing on the motion to vacate and orally granted it but did not sign an order. The sitting judge subsequently conducted a hearing and signed an order granting the motion to vacate. DL appealed, raising six issues. The first issue alleges that the trial court lacked plenary jurisdiction to grant the amended motion to vacate. Because we sustain this first issue, which is dispositive of the appeal, we need not address the remaining issues. We will vacate the trial court's order granting the amended motion to vacate and dismiss this appeal for want of jurisdiction.

I.      Standard of Review

We review a trial court's subject-matter jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Kelsall v. Haisten*, 564 S.W.3d 157, 162 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

2

II.     Background and Analysis

When a foreign judgment is filed pursuant to the UEFJA, the judgment is domesticated and acts as both the plaintiff's petition and the final judgment. *Jahan Tigh v. De Lage Landen Fin. Servs.*, 545 S.W.3d 714, 718 (Tex. App.—Fort Worth 2018, no pet.); *Moncrief v. Harvey,* 805 S.W.2d 20, 22 (Tex. App.—Dallas 1991, no writ). A motion challenging the validity of the foreign judgment acts as a motion for new trial and must be filed within thirty days of the entry of judgment while the trial court still maintains plenary power. Tex. R. Civ. P. 329b(b); *Wolf v. Andreas*, 276 S.W.3d 23, 26 (Tex. App.—El Paso 2008, pet. withdrawn). A trial court's plenary power expires after thirty days from the date judgment is signed if no action is taken that would extend the plenary jurisdiction period. Tex. R. Civ. P. 329b(f); *Bahr v. Kohr*, 928 S.W.2d 98, 100 (Tex. App.—San Antonio, writ denied). After the trial court's plenary power has expired, any action taken on a domesticated foreign judgment is a nullity. *Bahr*, 928 S.W.2d at 100 (citing *Walnut Equip. Leasing Co. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996)). If the trial court lacked jurisdiction to vacate a domesticated foreign judgment because it acted after its plenary power expired, the proper remedy on appeal is to set aside the void action by the trial court and dismiss the appeal. *Id.*

In this case, DL's domestication of the Pennsylvania judgment on October 20, 2021, served as its petition and final judgment. *See Jahan Tigh*, 545 S.W.3d at 718. The trial court's plenary jurisdiction expired on November 19, 2021, since no motions were filed that would have extended its plenary power. Tex. R. Civ. P. 329b(f); *Bahr*,

3

928 S.W.2d at 100. Therefore, barring some other legal impediment, Appellees' motion to vacate filed on February 23, 2022, and the ensuing order granting the motion were nullities.

Appellants contend that DL did not file an authenticated "foreign judgment," so no final Texas judgment was created. *See* Tex. Civ. Prac. & Rem. Code Ann. § 35.003(a). Without a final Texas judgment in place, the timetables and deadlines applicable to post-judgment proceedings, including motions for new trial, are not triggered. Appellees cite *Love v. Moreland*, 280 S.W.3d 334, 337 (Tex. App.—Amarillo 2008, no pet.), and *Wolfram v. Wolfram*, 165 S.W.3d 755, 759 (Tex. App.—San Antonio 2005, no pet.), in support of this argument. In *Love*, the plaintiff filed a "transcript or description" of a Colorado judgment, which she sought to have domesticated in Texas. 280 S.W.3d at 336. It was **uncontroverted** that neither the Colorado judgment nor an authenticated copy was ever filed. *Id.* Because no authenticated foreign judgment was filed, no final Texas judgment arose, and the deadlines for contesting the foreign judgment were not triggered. *Id.* at 337–38.

In *Wolfram*, the plaintiff sought to domesticate a California judgment. 165 S.W.3d at 757, 759. She filed an authenticated copy of the judgment in probate court in Bexar County against the judgment debtor's "estate." *Id.* at 759. The court of appeals held that the post-judgment deadlines to contest the domestication of the California judgment did not start to run with the filing of the foreign judgment

because an "estate" is not a legal entity, so there was no final judgment to trigger the deadlines for challenging the foreign judgment. *Id.* at 759–60.

We do not find these cases analogous to the present case. When reviewing a Texas trial court's ruling regarding the enforcement of a foreign judgment, we determine the foreign judgment's validity under the laws of the state that rendered it. *Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 483 (Tex. App.—Houston [14th Dist.] 2004, pet. denied.) (op. on reh'g); *see also Int'l Armament Corp. v. Stocker & Lancaster LLP*, 565 S.W.3d 823, 830 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Texas courts presume a foreign judgment is valid absent clear and convincing evidence that the judgment is invalid under the laws of that state. *Int'l Armament Corp.*, 565 S.W.3d at 830; *Mindis*, 132 S.W.3d at 483.

In this case, DL filed an Affidavit of Filing Foreign Judgment. Attached to it were the following:

- a certification by the prothonotary (court clerk) of the Court of Common Pleas for Chester County certifying that the record was a copy of the full, entire, and whole record of the underlying Pennsylvania case;

- an attestation of the president judge of the Fifteenth Judicial District of the Commonwealth of Pennsylvania, Hon. John Hall, that the prothonotary's certification was in due form and by the proper officer;

- an attestation by the prothonotary that Judge Hall "was at the time the same bears date, and now is President Judge of the Fifteenth Judicial District of the Commonwealth of Pennsylvania, composed of the County of Chester, duly commissioned and qualified, and that full faith and confidence should be given to all her official acts and attestations";

5

- a document that states

  > THIS JUDGMENT CERTIFIED IN FAVOR OF DE LAGE LANDEN FINANCIAL SERVICES, INC.
  > AND AGAINST   M D H OILFIELD SERVICES LLC & MICHAEL HILBURN
  >
  > IN THE AMOUNT OF $78,921.60
  >
  > CERTIFIED FROM THE RECORD
  >
  > /s/ Margaret [last name illegible]
  > Deputy Prothonotary
  >
  > August 13, 2021;

- a Case Summary Report, "Certified From The Record" by the same Deputy Prothonotary, which appears to be a chronological listing of events in the case, including entries on July 8, 2021, reflecting that a default judgment in the amount of $78,921.60 was granted with interest at 24% from 07/01/2021, with the judgment being indexed on 07/09/2021;

- a "Praecipe to Enter Default Judgment" issued by DL's counsel on July 1, 2021, with attachments reflecting issuance and service of citation and a Notice of Praecipe to Enter Default Judgment dated June 9, 2021, and served on Appellees; and

- a notice to Appellees from the Pennsylvania court that a Praecipe to Enter Default Judgment, a Notice under Pennsylvania Rule 236, and other related documents had been filed and could be viewed on the court's efiling site.

Appellees argue that these documents bear no resemblance to what we would consider a judgment to look like in Texas. While that may be true, we cannot require other states' judgments to conform to Texas's norms. We must determine whether the "judgment" of the other state conforms to the requirements for a final judgment from the issuing state.

6

Although we might cobble together a description of the distinctly different procedures that the Commonwealth of Pennsylvania has developed, the court of appeals in Tennessee did this quite succinctly in *Wolf Org., Inc. v. TNG Contractors, LLC*, a case involving Tennessee's version of the UEFJA and a Pennsylvania default judgment,

> A brief explanation of Pennsylvania civil procedure is necessary here. One unique aspect to civil procedure in Pennsylvania is the role of the prothonotary. The office of prothonotary is "a creation of Pennsylvania law or statewide procedure." Edward C. Sweeney, Essential Practice Rules and Concepts in Offices of the Prothonotary-Part I, 75 PA. B. ASS'N Q. 104, 105 (2004). Each county has a prothonotary who functions as the clerk of the court of common pleas. *See* 42 Pa. Stat. and Cons. Stat. Ann. § 2731 (West, Westlaw through 2019 Regular Sess. Act 9); *Brown v. Levy*, 73 A.3d 514, 519 (Pa. 2013). The prothonotary's role is ministerial, not judicial. *Gotwalt v. Dellinger*, 577 A.2d 623, 625 (Pa. Super. Ct. 1990). The prothonotary's authority to act is derived from Pennsylvania's statutes and procedural rules. *Id.*; *see* 42 Pa. Stat. and Cons. Stat. Ann. § 2737 (West, Westlaw through 2019 Regular Sess. Act 9) (prescribing the powers and duties of the office of the prothonotary).
> **Default judgments in Pennsylvania are entered by the prothonotary without judicial participation upon praecipe of a party.** *See* **Pa. R. Civ. P. 237.1(a)(2), 1037(b).** After receipt of the necessary documentation, the prothonotary will review the court record to see if it supports entry of a default judgment. *See id.* 237.1, 1037(b); *Gotwalt*, 577 A.2d at 625; *Bank One Del. N.A. v. Mitchell*, 70 Pa. D. & C.4th 353, 365-66 (Ct. Com. Pl. 2005), *aff'd sub nom. Bank One v. Mitchell*, 897 A.2d 512 (Pa. Super. Ct. 2006). Entry of a default judgment by the prothonotary "precludes the opponent from challenging his or her liability." *Mother's Rest. Inc. v. Krystkiewicz*, 861 A.2d 327, 335 (Pa. Super. Ct. 2004).
> **If the amount of the plaintiff's legal damages can be calculated from the verified complaint, the prothonotary will also assess damages. Pa. R. Civ. P. 1037(b)(1) (directing the prothonotary to assess damages if the amount "is a sum certain or which can be made certain by computation").** But the prothonotary is not authorized to order equitable relief. *See id.* 1037(d). So if the

amount of damages is uncertain or the complaint requests equitable relief, "the trial court has the independent obligation to fashion the appropriate relief at a future date." *Mother's Rest. Inc.*, 861 A.2d at 335; *see* Pa. R. Civ. P. 1037(b)(1), (d).

No. M2018-00073-COA-R3-CV, 2019 WL 2883813, at *1–2 (Tenn. Ct. App. July 3, 2019) (emphasis added) (footnotes omitted), *perm. app. denied* (Oct. 11, 2019).

We have previously held that

> **A party seeking to enforce a foreign judgment under the UEFJA has the initial burden to present a prima facie case by filing a judgment that appears on its face to be a final, valid, and subsisting judgment.** *Mindis Metals . . .* , 132 S.W.3d [at] 484 . . . . Filing the foreign judgment "instantly creates an enforceable Texas judgment." *Jahan Tigh . . .* , 545 S.W.3d [at] 720–21 . . . ; *see* Tex. Civ. Prac. & Rem. Code Ann. § 35.003(c). The judgment debtor may challenge enforceability of the judgment by filing a postjudgment motion. *See, e.g.*, *Moncrief . . .* , 805 S.W.2d [at] 23 . . . . **If the foreign judgment is valid on its face, the judgment debtor has the burden to prove by clear and convincing evidence one of five reasons why the foreign judgment should not be given full faith and credit.** *Mindis Metals*, **132 S.W.3d at 484.**

*Lavin v. Kan. Dep't of Revenue*, No. 02-19-00362-CV, 2020 WL 3865270, at *1 (Tex. App.—Fort Worth July 9, 2020, no pet.) (mem. op) (emphasis added).

Given the Pennsylvania law that governs the issuance of default judgments, we hold that the documents attached to DL's Affidavit of Filing of Foreign Judgment appeared to be a final, valid, and subsisting default judgment such that DL met its initial burden to present a prima facie case. The burden then shifted to Appellees to prove, within the time provided by law, by clear and convincing evidence why the Pennsylvania judgment should not be given full faith and credit. Having failed to do

this in a timely fashion, the trial court was without plenary jurisdiction to grant the amended motion to vacate. We sustain DL's first issue and order that the trial court's order granting the amended motion to vacate is set aside and this appeal is dismissed for want of jurisdiction.

III.   Conclusion

Having sustained DL's first issue, we vacate the trial court's order granting the amended motion to vacate and dismiss this appeal for want of jurisdiction.


/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  March 30, 2023